DAVID FLOWER *vs.* TOWN OF BILLERICA.

Suffolk.   November 9, 1945. — September 16, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Damages*, For tort.   *Trespass.   Equity Pleading and Practice*, Appeal.

The defendant in a suit in equity, upon an appeal by the plaintiff alone from an assessment of damages, was not entitled to contend that the amount awarded should be less, but might contend only that it should not be greater.

Upon an appeal by the plaintiff from a decree in a suit in equity against a town assessing damages for loss of profits sustained because the defendant unlawfully took from the plaintiff more than one fourth of customers to whom he was supplying water in the exercise of an exclusive easement in ways before the town had acquired an easement for its pipes in the ways, evidence reported showed that the award by the judge was clearly inadequate in that in calculating net profit respecting the customers in question a deduction was made as for the plaintiff's overhead expenses although his overhead expenses were not affected by the loss of such customers, and the award was ordered increased.

BILL IN EQUITY, filed in the Superior Court on November 7, 1939.

The case previously was before this court on an appeal from a decree dismissing the bill.   The decree was reversed by a decision reported in 314 Mass. 184.

There followed a hearing by *Good*, J., for assessment of damages. The evidence was reported. His report of material facts was merely as follows: "In the Flower case the court made an allowance of . . . $1,193.50 resulting from the loss of profit on . . . seventy-seven customers for two years. The balance, some three hundred odd dollars, was allowed for repairing pipes on Lake Street and miscellaneous expenses." A final decree was entered ordering, as to damages, that the defendant pay to the plaintiff the sum of $1,676.25, together with costs of suit taxed in the sum of $184.50. The plaintiff appealed.

*W. Kopans*, for the plaintiff.

*P. H. Ready*, for the defendant, submitted a brief.

RONAN, J. This is a bill in equity to enjoin trespassing by the town upon certain private ways, and for damages alleged to have been sustained by the plaintiff in conducting his business of selling water to abutters on said ways to whom the water was distributed by pipes located therein. This suit, together with one by a land company which owned the fee in these ways, was heard in the Superior Court upon a statement of agreed facts, in which it appeared that seventy-seven former customers of the plaintiff had become water takers from the town, that the statement was submitted only upon the question of liability of the town, and that the parties were to have an opportunity to submit oral evidence upon the issue of damages if the town should be found to be liable. At the conclusion of that trial a final decree was entered dismissing the bill. This decree was reversed upon appeal. The rescript, which was sent down on June 28, 1943, provided that as to Burtt Road, Cherry Road, Pine Road and Marshall Street, hereinafter referred to as the first group of ways, the bill should be retained for the assessment of damages sustained by the plaintiff up to the time the town took an easement for highway purposes in these ways; and that the town should be ordered to remove its water pipes from Lake Street within five months, unless it should have previously acquired the right to maintain them, that it should be enjoined from furnishing water to any of the plaintiff's customers along Lake Street until it

should have acquired that right, and that the bill should be retained for the assessment of damages sustained by the plaintiff as to Lake Street. *Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184, 194.

The suit has now been heard on the assessment of damages. The evidence was reported. The damages which the plaintiff seeks to recover consist of the loss of profits which he sustained on account of the defendant taking his former customers before the defendant had acquired the right to lay its water mains in the various ways and the damage to his water pipes on Lake Street. The only findings made by the judge were that the plaintiff was entitled to recover $1,193.50 "resulting from the loss of profit on seventy-seven (77) customers for two years" and $306.50 "for repairing pipes on Lake Street and miscellaneous expenses." The plaintiff appealed from a final decree awarding him $1,500, the aggregate of these two last mentioned sums, with interest and costs on the ground that the damages were inadequate and their assessment plainly wrong.

The fee in the first group of ways was in the land company before they were established as public ways by the defendant town and so was the fee in Lake Street, and the plaintiff previous to such establishment had an exclusive easement in all of these ways for the purposes of a water system. The plaintiff, who in effect is complaining of a continuing trespass, *Pease* v. *Parsons*, 273 Mass. 111; *Sturtevant* v. *Ford*, 280 Mass. 303, which allegedly interfered with his business and injured his property, is entitled to recover fair compensation for the damage proved by him to have been caused by the defendant's wrongful act. The award should be the equivalent of the damage shown to have been thereby sustained. *D. O. Haynes & Co.* v. *Nye*, 185 Mass. 507. *Lowrie* v. *Castle*, 225 Mass. 37. *Corsiglia* v. *French*, 284 Mass. 211. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602. He is not, however, entitled to recover anything in excess of an amount commensurate with the damage incurred. *Hodgkins* v. *Price*, 141 Mass. 162. *McCarthy* v. *Lane*, 301 Mass. 125. *Daniels* v. *Celeste*, 303 Mass. 148. *Crystal Concrete Corp.* v. *Braintree*, 309 Mass. 463.

The amount of compensation to which the plaintiff is entitled is primarily a question of fact, *Bartley* v. *Phillips*, 317 Mass. 35, 42, and the burden is upon him to show that the judge was plainly wrong in failing to award a greater sum before he can succeed in having these findings on damages reversed. If we are convinced that the judge was plainly wrong in not assessing the damages in a greater amount, we can find the facts for ourselves and make a proper assessment. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83, 84. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178. *Jurewicz* v. *Jurewicz*, 317 Mass. 512, 513.

The defendant not having appealed must be assumed to be satisfied with the final decree. It cannot ask for a decree more favorable to it. It may urge any argument based upon the record in support of the decree and it is open to it to contend, as it does, that the award of damages should not be increased. In the absence of an appeal by the defendant no contention is or can now be made that the plaintiff was entitled to less damages than those found by the judge. Our inquiry is limited to determining whether the plaintiff is entitled to more damages for loss of profits and for damage to his water pipes. *Coe* v. *Coe*, 313 Mass. 232, 234. *Greenaway's Case*, 319 Mass. 121. *Morley Construction Co.* v. *Maryland Casualty Co.* 300 U. S. 185, 191. *LeTulle* v. *Scofield*, 308 U. S. 415, 421, 422.

We first consider whether the plaintiff is entitled to recover more than $1,193.50, which was the amount determined by the judge, for the loss of seventy-seven customers for the period of two years. The defendant town does not contend that this finding was wrong and the plaintiff urges it was erroneous only in regard to the rate used by the judge. These customers were located on the first group of ways and also upon Lake Street. The plaintiff charged each customer $15.50 for a supply of water during the summer season. He paid the town $1.25 for the water he furnished each customer. His expenses were about one half of his gross receipts. Before the defendant interfered with his business, the plaintiff received an average net profit of

$7.75 from each of his three hundred forty-four customers. The judge adopted these figures and allowed the plaintiff damages at this rate. But to arrive at this rate the judge must have found, as the evidence indicated, that there was no diminution in the total overhead expenses caused by the loss of the seventy-seven customers except the cost of $1.25 for the water which would have been purchased for each of these customers if they had continued to take water from the plaintiff. The average profit of $7.75 was not, however, the correct measure of damages. The plaintiff, if his business had not been interfered with, would have received $15.50 from each of these customers for the sale of water costing him $1.25 and the loss of each of these customers resulted in a loss of $14.25 to the plaintiff. He is entitled to damages at this rate. The adoption of the proper rate by the judge would have resulted in a finding for the plaintiff in the sum of $2,194.50 instead of $1,193.50. *French* v. *Connecticut River Lumber Co.* 145 Mass. 261, 264, 265. *Pye* v. *Faxon,* 156 Mass. 471, 475. *F. A. Bartlett Tree Expert Co.* v. *Hartney,* 308 Mass. 407, 412. *Keegan* v. *O'Donnell,* 310 Mass. 346. *Tompkins* v. *Sullivan,* 313 Mass. 459.

The plaintiff next contends that it was deprived of forty-seven of his customers on Lake Street for a period of five years and that as these customers were included in the seventy-seven for which the judge allowed damages for loss of profits for only two years, he is entitled to damages for the loss of the Lake Street customers for the further period of three years. It is plain that the plaintiff suffered a loss on account of these Lake Street customers for more than two years. The judge did not designate in his finding the years for which he allowed the plaintiff's claim for loss of the Lake Street customers. The defendant entered upon the construction of Lake Street in 1938 and the work took the better part of two years. The defendant began in the spring of 1939 to take the plaintiff's customers. It furnished water during the entire year at a price less than that charged by the plaintiff for the summer season. It is a fair inference that the residents of Lake Street would purchase water from the defendant as soon as the latter could

supply them. But the loss of all these customers on Lake Street could not occur before the town's water system was completely installed in that street, which was early in 1940. To be sure, the plaintiff by that time had lost seventy-seven customers, but the finding of the judge awarding damages for the loss of seventy-seven customers for two years, in so far as it included these forty-seven customers on Lake Street, must be construed to mean the years 1940 and 1941. We do not agree with the plaintiff that he was entitled to recover for the loss of these forty-seven customers for the year 1939. It may be that he lost some of these customers during that year but their number is not disclosed by the evidence. We have already decided, in discussing the judge's finding, that the plaintiff was entitled to recover for loss of customers on Lake Street for two years and this we take to mean the years 1940 and 1941. But the plaintiff also suffered a loss of profits with reference to these residents of Lake Street after 1941. The plaintiff is entitled to damages at the rate of $14.25 for each of these forty-seven customers for each season commencing in 1942 up to the time of the acquisition of an easement in Lake Street by the defendant town. *White* v. *Moseley*, 8 Pick. 356. *Hunter* v. *Farren*, 127 Mass. 481. *Allen* v. *Boston*, 159 Mass. 324. *O'Brien* v. *Worcester*, 172 Mass. 348. *Moore Spinning Co.* v. *Boston Ice Co.* 210 Mass. 364. *F. F. Woodward Co.* v. *Fitchburg*, 236 Mass. 364. *Whiting Milk Co.* v. *O'Connell*, 277 Mass. 570. *Sullivan* v. *Barrows*, 303 Mass. 197. *Lawrence* v. *O'Neill*, 317 Mass. 393.

The final contention of the plaintiff is that an award of $306.50 for the damage to its water pipes on Lake Street is so inadequate that it is plainly wrong. The work performed by the defendant upon this street, he urges, exposed his water main and service connections and would necessitate burying the main eighteen inches along the entire length of the street. There was evidence of what it would cost to relay the pipes to this depth in the street. Lake Street was a narrow way located upon a ledge, the surface of which was exposed at certain places in the way, while at other places the ledge was covered by a layer of gravel. The water main

of the plaintiff was a four inch steel pipe, which was not required to be protected from freezing as it was in use only during the summer season. The evidence was in conflict as to the location of this pipe with reference to the surface of the way both before and after the defendant had completed its work on this way. The evidence was ample to support a finding that the location of the pipe was not in any material respect changed on account of the defendant's work and that no more of it had been thereby exposed. The judge impliedly adopted this view as he disallowed the plaintiff's claim for the amount which it would cost to relay the pipe. In this there was no error. Consequently, the plaintiff was not entitled to recover any larger amount on account of the alleged damage to his pipe line.

The final decree must be modified by striking out the sum of $1,500 and substituting therefor the principal sum of $3,840.50, consisting of $2,194.50 for the loss of seventy-seven customers for two years, $1,339.50 for loss of the Lake Street customers for the seasons of 1942 and 1943, and $306.50 for repairing pipes on Lake Street; but if the acquisition of an easement in Lake Street by the town was made in the last mentioned year before the usual date when the plaintiff's season for supplying his customers ordinarily began the sum of $669.75 must be deducted.[1] Interest is to be added to this principal sum and brought down to the date of the entry of the decree as modified. The plaintiff is to have costs. If counsel do not agree as to the date of the acquisition of an easement in Lake Street by the town or whether it occurred before or after the plaintiff's season usually began, then these matters are to be settled in the Superior Court.

*So ordered.*

---

[1] There was evidence that the plaintiff's season usually began early in May. There is no evidence when the town acquired an easement in Lake Street. The defendant states in its brief that "the town proceeded to legally accept Lake Street in accordance with" G. L. (Ter. Ed.) c. 82, "after the rescript" was sent down, "the taking being completed in May of 1943." This is not accurate because the rescript was dated June 28, 1943. Counsel for the plaintiff stated in argument that the acquisition was on August 23, 1943. If the acquisition was in May, 1943, the amount which the plaintiff would be entitled to recover is either $3,840.50 or $3,170.75 depending on whether the date of the acquisition was after or before the date that the plaintiff's season usually began. But if it was in August, 1943, the plaintiff should recover $3,840.50.