PERCY L. TOPPIN & another *vs.* BUZZARDS BAY GAS COMPANY.

Worcester. January 5, 1965. — January 29, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Gas, Service pipe. *Gas. Proximate Cause. Evidence,* Opinion: expert.

In an action against a gas company for damage to the plaintiffs' house from an explosion of gas leaking from a hole in a service pipe under the defendant's control, an auditor's findings and other evidence showing that on two occasions when the defendant was notified of gas odor in the house and on a later occasion when an employee of the defendant turned on the gas and lit gas appliances at the house no test of the service pipe was made, although use of a readily available pressure

─────────────────────────────

gauge would have revealed the leak, warranted findings, without expert testimony, that the defendant was negligent and that its negligence was the proximate cause of the damage to the house.

TORT. Writ in the Superior Court dated November 17, 1960.

The action was heard by *Kalus, J.,* without jury.

*Lawrence T. Perera (Paul J. Dolan* with him) for the defendant.

*Ely H. Chayet (Malcolm H. Flash* with him) for the plaintiffs.

SPIEGEL, J. The plaintiffs seek recovery in two counts[1] for damage to their real and personal property resulting from an explosion of gas supplied by the defendant. The action was referred to an auditor whose findings of fact were not final. In his report, which contained subsidiary findings, he ultimately found that "the explosion was caused by gas which entered the [p]laintiffs' house by reason of a defective gas line . . . which was under the defendant's control and which in the exercise of reasonable care and diligence it might have remedied; . . . that the [d]efendant was negligent in not exercising reasonable care and diligence in ascertaining the cause of the gas odors after it received notice thereof . . .; and . . . that the [d]efendant failed to make adequate tests of the gas line leading to the [p]laintiffs' house to determine its condition after it received notice of gas odors from the [p]laintiffs." He thus found for the plaintiffs on both counts and assessed damages in the amounts of $4,300 and $100, respectively.

Before trial the defendant moved to strike these ultimate findings from the auditor's report. The trial judge denied the motion, and the defendant duly excepted. Sitting without a jury, the judge thereupon heard further evidence, found "that the defendant was negligent and that its negligence was the proximate cause of the plaintiffs' damage," and assessed damages in the same amounts as did the auditor. The case is here upon the defendant's exceptions to

---

[1] The third count in the plaintiffs' declaration has been waived.

the denial of its motion to strike the ultimate findings from the auditor's report, to the admission of the auditor's report in evidence, and to the denial of its request for a ruling.[2]

On the basis of the auditor's subsidiary findings, the trial judge could have found the following facts: The defendant owned and controlled certain gas pipes laid, maintained and used by it to conduct its gas to the house occupied by the plaintiffs. It undertook to make adjustments on the furnace, gas heater and other gas appliances located in the cellar and the kitchen of the house. The defendant also assumed the responsibility of turning the gas off in the fall and on in the spring of every year when asked to do so by the plaintiffs. On June 21, 1958, one of the plaintiffs notified the defendant that he detected the odor of gas in the cellar of the house. In response, the defendant sent an employee there to ascertain the cause of the complaint. The employee made a superficial examination of the appliances in the cellar and the kitchen. He did not check any of the pipes leading to the house. The plaintiffs occupied the house during part of the summer of 1958 and sublet it during the remaining part. They did not reoccupy it until the following summer.

In June, 1959, one of the plaintiffs again notified the defendant that he detected an odor of gas in the cellar. Again, the defendant sent an employee to determine whether there was an odor of gas. The employee arrived at the premises, remained there for five or ten minutes, and told the plaintiff that he could detect no such odor. He made no tests to discover gas leaks or to establish that there was none. The plaintiffs occupied the house during part of that summer and sublet it during the rest. In October, 1959, the defendant turned off the gas.

On the morning of May 26, 1960, at the request of the plaintiffs, the defendant sent an employee to turn on the gas at the house and to light the water heater and the floor

---

[2] At the close of the evidence the defendant presented the following request for a ruling. "The evidence does not warrant or permit a finding for the plaintiffs on either [c]ount . . . of the declaration."

furnace in the cellar. The plaintiffs were not there on that day. That evening, escaping gas exploded, causing extensive damage to the premises. Shortly after the arrival of the fire department, an employee of the defendant shut off the flow of gas at a gatebox near the main gas line at the street, thus extinguishing a fire which was burning on the ground about one foot from a corner of the house. The following morning a crew of men, by digging up the ground upon which the fire had been burning, uncovered a gas line leading directly to the house. In this line they found a hole about one-eighth inch in diameter surrounded by rust and corrosion. There is no dispute that the explosion was due to a leakage of gas.

On the basis of additional evidence presented at the trial, the judge could have found the following facts: The employee who was sent in response to the first notification regarding the presence of gas odors in 1958 had with him a pressure gauge which can be used to determine conclusively whether there are leaks in gas lines. This pressure gauge was not used. Similarly, the employee who turned on the gas in 1960 did not use a pressure gauge or check for the presence of gas leaks in any other manner. Had he tested the gas lines inside or outside the house with a pressure gauge, he would have known definitely whether leaks existed.

We think that the trial judge was correct in denying the defendant's motion to strike the ultimate findings from the auditor's report and in admitting that report as evidence. The auditor's subsidiary findings show that the defendant failed to test the gas lines leading to the plaintiffs' house on two occasions when it was notified of gas odors. There is nothing to show that, when it turned on the gas in the spring of 1960, it tested any gas lines, despite the awareness it should have had of the previous complaints concerning gas odors. The findings support the inference that the gas which eventually exploded had escaped from the hole in the gas line leading directly to the plaintiffs' house. The auditor could properly conclude that the defendant did not exercise such reasonable skill and judgment in the circum-

stances as would have enabled it to discover the gas leak, and that such negligence was the proximate cause of the explosion.

"In determining what is reasonable skill and judgment in the circumstances the highly explosive quality of gas and the serious consequences which may ensue if proper precautions to guard against an explosion are not taken are to be considered." *Friese* v. *Boston Consol. Gas Co.* 324 Mass. 623, 629. See *Brennan* v. *Arlington Gas Light Co.* 341 Mass. 679, 683.

We do not agree with the defendant's contention that "[t]he auditor . . . should not have been permitted to conclude that the defendant owed a legal duty to test the service line under the circumstances in this case without a foundation of expert testimony as to the proper care and testing of service lines, the nature and scope of the risk of defects arising in an underground service pipe, and gas-company practice under similar circumstances." Since the question is only whether tests or inspection should have been made at all, it "was not so dependent on expert . . . knowledge that . . . [the auditor] could have no basis of decision without expert testimony." *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 434. In the light of his general knowledge of practical affairs he could reasonably infer that testing or inspection of gas lines in the case at bar would have eliminated the danger of an explosion due to escaping gas and that the exercise of reasonable skill and judgment required such a course of action by the defendant. See *Stewart* v. *Worcester Gas Light Co., supra,* 434.

We note that the additional evidence presented to the trial judge demonstrates the ready availability of pressure gauges to determine conclusively whether leaks in gas lines exist. The fact that the gauges were available but not used is some evidence of negligence. We conclude that the trial judge correctly denied the defendant's request for a ruling and was warranted in finding "that the defendant was negligent and that its negligence was the proximate cause of the plaintiffs' damage."

*Exceptions overruled.*