WILLIAM P. SPANOS & another *vs.* ATROLENE OIL COMPANY, INC. (and two companion cases). November 6, 1979. There is no merit to the defendants' contention that the evidence was insufficient to war-rant the jury's findings that they were negligent in servicing the Spanoses' boiler and that their negligence was the cause of the fire

which damaged the building. On those portions of the highly conflict-
ing evidence most favorable to the plaintiffs the jury could have
found that the Spanoses relied on the defendants to service their oil
burner; that the defendant Kahn, the general manager of the corpo-
rate defendant, had repaired a crack in the boiler on the evening of De-
cember 28, 1972; that he was working next to the boiler on the tank-
less hot water heater on the afternoon of January 3, 1973; that at
about 5:40 P.M. three loud cracks were heard from the boiler; that the
boiler began leaking water; that Kahn and his assistant left the prem-
ises shortly before 6:00 P.M., leaving the water leaking from the boiler
without having turned off the furnace or determined whether the boil-
er's automatic low-water cutoff was operating properly; that shortly
after 6:00 P.M. the top of the furnace was discovered to be glowing red
from the heat; and that that condition and the resulting fire was
caused by the furnace's continuing to operate despite the loss of water
from the boiler. The witness Ryan testified, in answer to an unobject-
ed to question, that the probable cause of the fire was the failure of
the low-water cutoff; the defendant Kahn himself acknowledged that
it was "[o]ne of the probable reasons." That the leak was significant in
volume was inferable from the short period which elapsed between
the time of its initial occurrence and the time the boiler overheated.
The jury could infer negligence in these circumstances without the
benefit of expert testimony. Compare *Stewart* v. *Worcester Gas Light
Co.,* 341 Mass. 425, 433-434 (1960); *Toppin* v. *Buzzards Bay Gas Co.,*
348 Mass. 397, 401 (1965). Contrast *Stewart* v. *Worcester Gas Light
Co.,* 341 Mass. at 435; *Triangle Dress, Inc.* v. *Bay State Serv., Inc.,*
356 Mass. 440, 441-442 (1969).

*Judgments affirmed.*

*Robert H. Goldman (Michael D. Quinlan* with him) for the defendants.
*Robert T. Nagle (Roland I. Wood* with him) for William P. Spanos
& another.
*Philip W. Riley* for William Sullivan.