PAS-TEUR, INC. *vs.* ENERGY SCIENCES, INC. March 11, 1981. The parties in this case executed an agreement dealing with the possible develop-

ment of an electron beam machine for the pasteurization and sterilization of citrus fruits. The defendant agreed to conduct a series of tests and experiments (according to specifications established by the plaintiff) to determine if its electron beam technology could meet certain enumerated technical objectives. The tests were to cost a total of $10,000 and were to be paid for by the plaintiff in stages as they progressed. If the tests produced "positive results" and met government standards, the plaintiff had the option of placing a non-cancellable order for production of a prototype machine at a cost of $25,000. The manufacture of the prototype was additionally conditioned on the plaintiff's supplying specifications for its construction and an advance payment of $8,333.33 towards the purchase price. If the tests produced "negative results" or failed to meet government standards, the plaintiff could order the testing halted. If the prototype was ordered and successfully built to meet specifications and government requirements, the plaintiff agreed to order additional machines. Time was of the essence except insofar as the defendant might encounter technical difficulties.

The plaintiff brought an action for breach of the contract, seeking damages and certain other relief. The complaint alleged in pertinent part that the defendant had not conducted the tests in a proper manner and that it had violated the agreement by seeking to increase the price for the prototype beyond that specified. The defendant's motions for a directed verdict at the close of the plaintiff's opening, at the end of the plaintiff's case, and at the close of all the evidence, were denied. The jury returned a general verdict for the defendant. The plaintiff alleges error in the judge's instructions on the question of breach, in his refusal to give certain requested instructions on damages, and in the exclusion of certain evidence. We affirm the judgment.

1. Although the defendant has not appealed from the denial of its motions for directed verdict, it may nevertheless raise any ground asserted below in support of the judgment in its favor. See *Flower* v. *Billerica*, 320 Mass. 193, 196 (1946); *Boston Police Patrolmen's Assn.* v. *Boston*, 367 Mass. 368, 373 (1975); *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 43 (1977). We believe that the evidence taken in the light most favorable to the plaintiff (*Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 [1972]; *Alholm* v. *Wareham*, 371 Mass. 621, 627 [1976]) was insufficient to warrant a conclusion that the defendant had committed a breach of the contract; as a result, a verdict should have been directed for the defendant at the close of the plaintiff's case. "The general rule is that when performance under a contract is concurrent one party cannot put the other in default unless he is ready, able, and willing to perform and has manifested this by some offer of performance." *Leigh* v. *Rule*, 331 Mass. 664, 668 (1954). See *Hapgood* v. *Shaw*, 105 Mass. 276, 279 (1870); *George* v. *Goldman*, 333 Mass. 496, 497 (1956); *Mayer* v. *Boston Metropolitan Airport, Inc.*, 355 Mass. 344, 354 (1969). Any material failure by

a party in the performance of his obligations will bar his recovery, unless it is shown that his performance has been excused or waived or that the other party cannot or will not perform. *Sipley* v. *Stickney*, 190 Mass. 43, 46-47 (1906). See *Jewett* v. *Warriner*, 237 Mass. 36, 38 (1921); *Ficara* v. *Belleau*, 331 Mass. 80, 81 (1954); *Mayer* v. *Boston Metropolitan Airport, Inc.*, *supra* at 354. A promisee is not required to perform until the conditions necessary to his performance have been satisfied. There was no evidence in this case to indicate that the plaintiff had done what was required of it with respect to approval of and payment for the tests as they progressed. The $1,000 "good faith" payment fell short of meeting the obligations imposed by paragraph 6 of the agreement. Moreover, because of the technical nature of the experiments, expert evidence was required to show that they had been performed improperly. See *Stewart* v. *Worcester Gas Light Co.*, 341 Mass. 425, 435 (1960); *Haggerty* v. *McCarthy*, 344 Mass. 136, 139 (1962). Contrast *Toppin* v. *Buzzards Bay Gas Co.*, 348 Mass. 397, 401 (1965). There was no such evidence. The nonexpert testimony that was offered was too general to warrant a finding that the defendant had been negligent in the manner in which it had conducted the tests, and the jury could not have reached such a conclusion on common knowledge or experience alone. There was also no evidence to permit a conclusion that the defendant had waived or excused the plaintiff from compliance with its duties under the contract, and the evidence was insufficient as a matter of law to warrant a conclusion that the defendant could not or would not perform the contract. With respect to the assertion that the defendant had impermissibly increased the price of the prototype machine, there was no evidence in the plaintiff's case sufficient to show (a) that the tests had reached the point where the plaintiff could invoke its rights to call for construction of the prototype or (b) that the plaintiff had done what was necessary to compel manufacture of the machine at the specified price. The judge was not obliged to submit the case to the jury and, in the circumstances, his instructions concerning the extent of the defendant's obligations under the contract were more favorable to the plaintiff than was required. In view of this conclusion, we need not consider the plaintiff's contentions with respect to the instructions on damages.

2. We have examined each of the judge's evidentiary rulings now complained of by the plaintiff. Most of the evidence was properly excluded as inadmissible hearsay or for lack of a proper foundation. We are not persuaded that the admission of the excluded evidence would have required submission of the case to the jury.

*Judgment affirmed.*

*William Lender* for the plaintiff.
*Nancy Richards-Stower & Robert Needleman* for the defendant.