COURTAD, APPELLANT, *v.*
WHIRLPOOL CORPORATION,
APPELLEE.

(No. 5-87-4—Decided
May 16, 1989.)

*Burman, Robinson & McCarthy, Dennis M. McCarthy* and *William C. Becker,* for appellant.

*Robert M. Anspach Associates, Robert M. Anspach* and *Deborah Kovac Rump,* for appellee.

MILLER, J. This is an appeal by the plaintiff, Timothy Courtad, from a judgment of the Court of Common Pleas of Hancock County, granting summary judgment for defendant, Whirlpool Corporation, and dismissing plaintiff's complaint.

On February 7, 1985, plaintiff was employed by Whirlpool Corporation as a press operator. Plaintiff's duties included the operation of a ninety-ton press, which produced cover tabs to be used in one of the defendant's products.

Normally, the part of the press which produced the cover tab would rotate and then stop at the top of its stroke until the operator simultaneously pushed two activating buttons releasing the press in order to produce another cover tab. Prior to the plaintiff's injury the press failed to stop at the top of its stroke and "rolled over" by starting its downward stroke. The plaintiff notified his supervisor and then continued to operate the press.

Subsequently, while he was operating the press, the press travelled beyond the uppermost limit of its cycle and caught plaintiff's hand in the press. In an effort to extricate plaintiff's hand from the press, a fellow employee "inched" the press through its cycle. Plaintiff suffered injury including loss of several fingers.

On January 2, 1986, plaintiff filed a complaint in the Court of Common Pleas of Hancock County against the Whirlpool Corporation and Verson Allsteel Press Company. Prior to trial, the plaintiff settled with defendant Verson.

The plaintiff alleged that his injuries resulted from an intentional tort committed by the defendant, Whirlpool Corporation.

On August 29, 1986, following substantial discovery, defendant Whirlpool Corporation filed a motion for summary judgment, as well as motions to strike both the jury demand and the prayer for monetary damages. The defendant based its motions on R.C. 4121.80, which became effective on August 22, 1986.

R.C. 4121.80 provides in pertinent part:

"(A) If injury, occupational disease, or death results to any employee from the intentional tort of his employer, the employee or the dependents of a deceased employee have the right to receive workers' compensation benefits under Chapter 4123. of the Revised Code and have a cause of action against the employer for an excess of damages over the amount received or receivable under Chapter 4123. of the Revised Code and Section 35, Article II of the Ohio Constitution or any benefit or amount, the cost of which has been provided or wholly paid for by the employer. * * *

"* * *

"(G) As used in this section:

"(1) 'Intentional tort' is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

"* * *

" 'Substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.

"(H) This section applies to and governs any action based upon a claim that an employer committed an intentional tort against an employee pending in any court on the effective date of this section and all claims or actions filed on or after the effective date, notwithstanding any provisions of any prior statute or rule of law of this state."

The trial court granted the defendant's motion for summary judgment and the two motions to strike.

The plaintiff appeals the judgment asserting two assignments of error. Defendant also sets forth one assignment of error to prevent reversal.

Assignment of error number one:

"The trial court erred in retroactively applying Ohio's new worker's compensation statute, Revised Code 4121.80."

The trial court found the retroactive provision of R.C. 4121.80(H) to be constitutional.

Paragraph four of the syllabus of *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, states:

"R.C. 4121.80(G) removes an employee's potential cause of action against his employer by imposing a new, more difficult standard for the 'intent' requirement of a workers' compensation intentional tort than that established in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046. This new standard constitutes a limitation, or denial of, a substantive right, and consequently causes the statute to fall within the ban against retroactive laws established by Section 28, Article

II of the Ohio Constitution. (*Smith* v. *New York Central RR. Co.* [1930], 122 Ohio St. 45, 170 N.E. 637; *State, ex rel. Slaughter,* v. *Indus. Comm.* [1937], 132 Ohio St. 537, 8 O.O. 531, 9 N.E. 2d 505; and *Weil* v. *Taxicabs of Cincinnati, Inc.* [1942], 139 Ohio St. 198, 22 O.O. 205, 39 N.E. 2d 148, approved and followed.)"

See, also, *Kunkler* v. *Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135, 138, 522 N.E. 2d 477, 480.

Plaintiff's first assignment of error is well-taken.

Plaintiff's second assignment of error:

"The trial court erred in granting summary judgment where appellee Whirlpool Corporation was not entitled to judgment as a matter of law and where reasonable minds could differ as to whether Whirlpool's instruction to Tim Courtad to continue working on a press Whirlpool knew was dangerously malfunctioning amounted to an intentional tort."

In *Kunkler* v. *Goodyear Tire & Rubber Co., supra,* at 138, 522 N.E. 2d at 480, the majority of the court stated:

"* * * [W]e hold that R.C. 4121.80 (G)(1) does not apply to intentional tort causes of action arising prior to August 22, 1986, the effective date of the statute. Accordingly, whether summary judgment was proper in this case must be resolved under the law as it existed prior to the enactment of R.C. 4121.80. In view of this holding, we need not analyze the extent of the change to the definition of intentional tort (as between employees and employers) that has been wrought by R.C. 4121.80(G)(1)."

In *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046, the court, in paragraph one of the syllabus, defined an "intentional tort" as follows:

"An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur."

In *Van Fossen, supra,* paragraph five of the syllabus, the court held that:

"* * * [I]n order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task."

The court further stated in *Kunkler* v. *Goodyear Tire & Rubber Co., supra,* at 138, 522 N.E. 2d at 480-481:

"In deciding whether the trial court correctly granted summary judgment to Goodyear, we must follow Civ. R. 56 and view the record in the light most favorable to the party opposing the motion. *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924. Further, the inferences to be drawn from the underlying facts contained in depositions, affidavits, and exhibits must be construed in the opposing party's favor. When so construed, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Houshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315."

Civ. R. 56(C) provides in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274, it is stated:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Applying the above-stated principles to the case at hand, there is evidence of certain incidents tending to show that the press on which the plaintiff was working, and which injured him, was known to defendant and its agent to have malfunctioned.

The plaintiff's supervisor testified that prior to the plaintiff's injury five persons reported to him that the press on which the plaintiff was injured had malfunctioned by stopping beyond the top of its stroke.

Further, there is evidence which shows that this failure of the press to stop at the top of its stroke is a dangerous condition. In addition, there is evidence that Whirlpool Corporation knew that there was a substantial certainty that harm would result due to the press's malfunctioning. The supervisor testified that whenever he received information that a press had stopped beyond the top of its stroke he would advise the operator to leave the press for a time because of the danger involved.

There is conflict in the evidence as to whether defendant required the employee to continue performing his employment task after he reported the malfunction. The plaintiff testified that after the press failed to stop at the top of its stroke, he informed the supervisor of the problem. The plaintiff further testified that the supervisor told him to continue to operate the press until he met his quota. On the other hand, the supervisor testified that he advised the plaintiff to stop operating the press until maintenance corrected the problem. In addition, the supervisor testified that it was the plaintiff who requested that he continue operating the press in order to meet his quota.

Therefore, construing the evidence most strongly in favor of the plaintiff, we conclude that genuine issues of material fact exist under the test set forth in *Van Fossen, supra,* and that the trial court's entering of a summary judgment for the defendant was inappropriate under the facts of this case and under the common-law standard for the "intent" requirement of intentional tort.

We find the plaintiff's second assignment of error well-taken.

204

Defendant has filed the following assignment of error pursuant to R.C. 2505.22 to prevent reversal:

"Pursuant to Section 2505.22, R.C., appellee files this conditional cross-assignment of error. In the event that this court reverses the trial court's decision that Section 4121.80, R.C. can constitutionally be applied retroactively, then this court should enter final judgment for Whirlpool Corporation under the standard set forth in *Jones* v. *V.I.P. Development Co.* (1984), 15 Ohio St. 3d 90."

Plaintiff has filed a motion "to dismiss defendant-appellee's appeal" for the reason that defendant has filed a cross-appeal on the basis of dicta within the trial court's decision which says that "the trial court would probably not have granted summary judgment had it not retroactively applied Ohio's new workers' compensation statute."

R.C. 2505.22 provides:

"In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."

As stated in *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, 171, 8 O.O. 2d 134, 148, 158 N.E. 2d 719, 736:

"* * * an assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment."

We interpret the above section as providing that *any* error of the trial court may be asserted by appellee to prevent reversal.

We therefore overrule plaintiff's motion to dismiss.

However, for the reasons set forth above, we find that defendant's assignment of error does not support an affirmance of the trial court's judgment, and thus it does not prevent reversal of the judgment.

The judgment of the trial court is reversed.

*Judgment reversed.*

EVANS, P.J., and COLE, J., concur.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.