Patti M. MARXSEN

v.

BOARD OF DIRECTORS, M.S.A.D. # 5.

Supreme Judicial Court of Maine.

Argued March 20, 1991.
Decided May 29, 1991.

Franklin M. Walker, Jr. (orally), Patricia V. Shadis, Law Offices of Franklin M. Walker, Jr., Damariscotta, for appellant.

Hugh G.E. MacMahon (orally), Harry R. Pringle, Drummond, Woodsum, Plimpton & MacMahon, Michael G. Messerschmidt, Preti, Flaherty, Beliveau & Pachios, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Patti M. Marxsen appeals from a judgment entered by the Superior Court (Knox County, *Silsby, J.*) dismissing her amended complaint in an action to avoid a decision by the Board of Directors of Maine School Administrative District No. 5 ("the Board") not to renew Marxsen's probationary employment contract. Marxsen contends that the Superior Court erroneously dismissed her amended complaint pursuant to M.R. Civ.P. 12(b)(6). We affirm the dismissal of Marxsen's amended complaint, not because of a deficiency in her pleading but because she failed to satisfy the procedural requirements of M.R.Civ.P. 80B.

Marxsen was employed as a probationary French teacher at Rockland District High School. On April 17, 1990, the Superintendent advised Marxsen of his decision to nominate her, pursuant to 20–A M.R.S.A. § 13201 (Supp.1990),[1] for another proba-

---

1. 20–A M.R.S.A. § 13201 provides in pertinent part:

 The superintendent shall nominate all teachers, subject to such regulations governing salaries and the qualifications of teachers as the school board shall make. Upon approval of nominations, by the school board, the superintendent may employ teachers so nominated and approved for such terms as the superintendent may deem proper, subject to the approval of the school board. Prior to May 15th before the expiration of a first or 2d year probationary teacher's contract, the superintendent shall notify the teacher in writing of the superintendent's decision to nominate or not nominate that teacher for another teaching contract. If, after receiving a complaint from a teacher, the commissioner finds that the superintendent has failed to notify a teacher of a decision not to nominate that teacher, the school administrative unit shall pay a forfeiture to the teacher ...

tionary contract to cover the 1990–91 school year. In his letter, the Superintendent informed Marxsen that the Board would vote on the renewal of her contract during its April 26, 1990 meeting. At the meeting, which Marxsen did not attend, the Board voted not to renew her contract.[2] The Board did not disclose its reasons for declining to renew the contract and the meeting minutes indicate that there was no deliberation on the matter.[3]

■ On April 27, 1990, the Superintendent notified Marxsen of the Board's decision. Marxsen contacted the Superintendent and Principal to request information about the Board's decision but did not request a hearing with the Board or a statement of its reasons for not renewing the contract.[4] During the next regularly scheduled board meeting, a large group of students, parents and fellow teachers protested the Board's decision and requested that the Board reconsider Marxsen's contract. The Board voted nine to one in favor of placing the matter on the agenda for reconsideration but under the Board's procedural rules a unanimous vote was necessary to carry the request and Marxsen's probationary contract was not reconsidered.

On May 21, 1990, Marxsen filed a four-count complaint in Superior Court alleging that the Board had violated the "public trust," its "obligation of good faith and fair dealing," the "open meeting law," and "state public policy" by voting not to renew her probationary contract. In her complaint, Marxsen asked the court to declare the April 26 vote void and to order the Board to appoint her as a fully tenured teacher or, at least, to reconsider the matter. On June 27, 1990, the Board filed a Rule 12(b)(6) motion. Following a hearing on July 6, 1990, the Superior Court dismissed the complaint with leave to amend Count III which alleged a violation of the Freedom of Access Act. 1 M.R.S.A. §§ 401–410 (1989 & Supp.1990). Marxsen filed an amended complaint and, once again, the Board moved to dismiss. Following a hearing on July 31, 1990, the court granted the Board's motion and dismissed the amended complaint for failure to state a claim. Although we find, as a matter of pleading, that the court erred in ruling that Count III of Marxsen's amended complaint fails to state a claim, we affirm the court's dismissal of the amended complaint because Marxsen has failed to comply with the procedural requirements of M.R.Civ.P. 80B.[5]

■ When filed by the defendant, a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Cunningham v. Haza*, 538 A.2d 265, 267 (Me.1988). The motion requests that the action be dismissed if the complaint fails to state a claim upon which relief can be granted. *Id.* In resolving a motion for judgment on the pleadings, the court examines the complaint in the light most favorable to the plaintiff, assumes that the factual allegations made by the plaintiff are true and then determines " 'whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theo-

**2.** Marxsen continued in her job and was paid in accordance with her contract until the contract ended according to its terms on August 31, 1990.

**3.** Marxsen suspects that the Board's unexpected decision resulted from the fact that she issued an academic warning to a Board member's child a few days before the vote was taken on the renewal of her contract.

**4.** 20–A M.R.S.A. § 13201 grants the right to a hearing only to duly certified contract employees. The statute provides in pertinent part:

After a probationary period not to exceed 2 years, any teacher, who receives notice in accordance with this section that his or her contract is not going to be renewed, may during the 15 days following such notification request a hearing with the school board. The teacher may request the reasons. The hearing shall be private except by mutual consent and except that either or both parties may be represented by counsel. That hearing must be granted within 30 days of the receipt of the teacher's request.

Pursuant to the statute, probationary employees are not entitled to a hearing or to a statement of reasons for nonrenewal of a contract. Maine law deliberately leaves the decision whether to renew a probationary teaching contract to the unfettered discretion of the school board.

**5.** The remaining counts were correctly dismissed for failure to state a viable claim.

ry.'" *Id.* (quoting *Robinson v. Washington County*, 529 A.2d 1357, 1359 (Me. 1987)). A complaint should not be dismissed for insufficiency " 'unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'" *Id.* (quoting *Richards v. Ellis*, 233 A.2d 37, 38 (Me.1967)).

 The Freedom of Access Act provides that "public proceedings" must be conducted openly and clandestine meetings should not be used to defeat this objective. 1 M.R.S.A. § 401 (1989);[6] *Guy Gannett Publishing Co. v. University of Maine*, 555 A.2d 470, 471 (Me.1989). The Act defines "public proceedings" to include "transactions of any functions affecting any or all citizens of the State by any ... school district or any regional or other political or administrative subdivision." 1 M.R.S.A. § 402(2)(C) (1989 & Supp.1990). This would include the activity of a local school board. Section 403 of the Act provides that public proceedings shall be open to the public and any person shall be permitted to attend.[7] Section 406 adds that notice shall be given in ample time to allow public attendance whenever public proceedings involve a meeting of a body or agency consisting of three or more persons.[8] While informal discussions among board members are not unlawful, only under very limited circumstances may public proceedings be conducted in private "executive sessions." 1 M.R.S.A. § 405.[9] Official action taken at a public proceeding conducted in violation of the Act is voidable by the court pursuant to 1 M.R.S.A. § 409(2).[10]

 Marxsen's amended complaint alleges:

> [P]rior to the April 26, 1990 meeting held by the Defendant Board of Directors, one or more members of the Defendant School Board discussed and/or deliberated on the merits of Ms. Marxsen's professional qualifications, suitability for reappointment for the ... 1990–91 school year ... Said discussions and/or deliberations took place outside of a regularly scheduled School Board meeting and were conducted in violation of the Maine Open Meeting Law.

Consistent with our well established policy of construing pleadings to do substantial justice, M.R.Civ.P. 8(f); *Lewien v. Cohen*, 432 A.2d 800, 803 (Me.1981), we understand

**6.** 1 M.R.S.A. § 401 provides:
> The Legislature finds and declares that public proceedings exist to aid in the conduct of the people's business. It is the intent of the Legislature that their actions be taken openly and that the records of their actions be open to public inspection and their deliberations be conducted openly. It is further the intent of the Legislature that clandestine meetings, conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public not be used to defeat the purposes of this chapter.

**7.** 1 M.R.S.A. § 403 (1989) provides:
> **Meetings to be open to public**
> Except as otherwise provided by statute or by section 405, all public proceedings shall be open to the public, any person shall be permitted to attend any public proceeding and any record or minutes of such proceedings that is required by law shall be made promptly and shall be open to public inspection.

**8.** 1 M.R.S.A. § 406 (1989) provides
> **Public notice**
> Public notice shall be given for all public proceedings as defined in section 402, if these proceedings are a meeting of a body or agency consisting of 3 or more persons. This notice shall be given in ample time to allow public attendance and shall be disseminated in a manner reasonably calculated to notify the general public in the jurisdiction served by the body or agency concerned. In the event of an emergency meeting, local representatives of the media shall be notified of the meeting, whenever practical, the notification to include time and location, by the same or faster means used to notify the members of the agency conducting the public proceeding.

**9.** The parties agree that an executive session would not have been appropriate under the circumstances.

**10.** 1 M.R.S.A. § 409(2) provides:
> **Actions.** If any body or agency approves any ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official action in an executive session, this action shall be illegal and the officials responsible shall be subject to the penalties hereinafter provided. Upon learning of any such action, any person may appeal to any Superior Court in the State. If a court, after a trial de novo, determines this action was taken illegally in an executive session, it shall enter an order providing for the action to be null and void.

the allegation to mean that the official action on the renewal of Marxsen's contract, as a practical matter, took place during a clandestine meeting and not at the regularly scheduled April 26, 1990 board meeting. As a matter of pleading, this allegation is sufficient to withstand a Rule 12(b)(6) motion and the Superior Court erred in concluding otherwise.

The Superior Court was correct to dismiss Marxsen's amended complaint but it did so for the wrong reason. The dismissal was justified because of Marxsen's failure to comply with the requirements of M.R.Civ.P. Rule 80B. The Board raised the issue of whether the procedural requirements of Rule 80B applied to Count III of Marxsen's amended complaint but the court did not consider the Rule 80B allegations in dismissing the amended complaint. Count III of Marxsen's amended complaint, which alleges a violation of the Freedom of Access Act, seeks review of "action or failure or refusal to act by a governmental agency" within the plain meaning of M.R.Civ.P. 80B(a). *See Colby v. York County Comm'rs*, 442 A.2d 544, 546–48 (Me.1982). The thirty-day time limit provided by Rule 80B commences upon discovery of the Freedom of Access violation. Without Rule 80B, there would be no outside time limit for bringing an action to invalidate the results of a clandestine meeting. There is no question about the adequacy of the remedy provided by Rule 80B because 1 M.R.S.A. § 409(2) provides for a de novo trial. *Colby v. York County Comm'rs*, 442 A.2d at 547–48.

Marxsen's complaint was timely because it was brought within thirty days after she discovered that a secret meeting may have been held. Marxsen failed, however, to submit the motion and detailed statement required in order for the court to determine whether a trial was necessary pursuant to M.R.Civ.P. 80B(d).[11] Marxsen was obligated to comply with Rule 80B(d) because she seeks to introduce evidence that does not appear in the record of the governmental action—namely, evidence, which she does not have but thinks she can obtain through discovery, that there was a secret private meeting of the Board. In accordance with the explicit provisions of Rule 80B(d), Marxsen has waived any right to a trial of the facts by failing to file the proper motion and statement. As a result, any proof that there was a clandestine meeting is precluded. Thus, we affirm the court's judgment dismissing the action even though it was reached on incorrect grounds. *See Procise v. Electric Mut. Liab. Ins. Co.*, 494 A.2d 1375, 1381 (Me. 1985).

Relying on a doctrine we adopted in *Littlefield v. Littlefield*, 292 A.2d 204 (Me. 1972), Marxsen argues that the Board cannot now assert the error of the court's ruling as to the inapplicability of Rule 80B to her Freedom of Access claim because the Board did not file a cross-appeal on that issue. Whatever the merits of that doctrine might have been in the completely different context in which *Littlefield* was decided,[12] that doctrine is plainly inapplica-

11. M.R.Civ.P. 80B(d) provides in pertinent part: **Motion for Trial; Waiver.** If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated. Such motion shall be filed within 30 days after the complaint is filed. The failure of a party to file said motion shall constitute a waiver of any right to a trial of the facts.... With the motion the moving party shall also file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as

presented in the motion and offer of proof is appropriate under this rule and if so to what extent. After hearing, the court shall issue an appropriate order specifying the future course of proceedings.

12. *Littlefield* was a divorce case tried to judgment in the District Court and appealed to the Superior Court at a time when there was no provision for sequential briefing on such appeals. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.10 at 657–60 (2d ed. Supp. 1981). The District Court Civil Rules were amended in 1981 to provide for sequential briefing on appeals to the Superior Court by adding District Court Civil Rule 75A, now M.R.Civ.P. 76G. *See* 428–433 A.2d XLVI ¶ 19.

ble to the current appellate procedure that allows for sequential briefing. *See* M.R. Civ.P. 76G(a) (appeals to the Superior Court), 75(a) (appeals to the Law Court). The majority of state courts as well as the federal court system follow the well-established rule that allows an appellee to defend, although not extend, the judgment on a ground alternative to that on which the trial court relied, "whether it was ignored by the court below or flatly rejected." 9 J. Moore & B. Ward, *Moore's Federal Practice* § 204.11(3) at 4–47 (2d ed. 1991). *See, e.g., United States & Interstate Commerce Comm'n v. American Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924); *United States v. Lumbermens Mut. Cas. Co., Inc.,* 917 F.2d 654, 661 n. 10 (1st Cir.1990); *Lake Havasu Resort, Inc. v. Commercial Loan Ins. Corp.,* 139 Ariz. 369, 678 P.2d 950, 954 (Ariz.Ct. App.1983); *City of Glendale v. Crescenta Mut. Water Co.,* 135 Cal.App.2d 784, 288 P.2d 105, 115 (Cal.Ct.App.1955); *Flower v. Town of Billerica,* 320 Mass. 193, 68 N.E.2d 697, 700 (1946); *Courtad v. Whirlpool Corp.,* 48 Ohio App.3d 200, 549 N.E.2d 566, 570 (Ohio Ct.App.1989). When the appellee seeks no relief from the appellate court beyond that presented to the trial court, the appellee need not cross-appeal to raise an alternative ground for affirming the judgment.[13] This rule is consistent with the unquestioned authority of this court to affirm a case on a rationale different from that relied on by the trial court. *See Procise v. Electric Mut. Liab. Ins. Co.,* 494 A.2d at 1381. In the case at bar, the appellee school board alternatively seeks an affirmance of the dismissal of Marxsen's amended complaint on a ground rejected by the court. This alternative ground for dismissal was presented before the Superior Court as well as in the appellee's brief filed with this court. Marxsen is not prejudiced by our accepting, as the basis for our affirmance of the dismissal of her complaint, the Board's argument, erroneously rejected by the Superior Court during the pretrial proceedings, that Marxsen's action is barred by her failure to comply with the procedural requirements of M.R.Civ.P. 80B.

The entry is:

Judgment affirmed.

All concurring.

---

**13.** *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.10 at 445 (2d ed. Supp.1981); Note, *Cross-Appeals in Maine: Pitfalls for the Winning Litigant,* 25 Me.L.Rev. 105 (1973).