STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION

STATE OF MAINE
Cumberland, ss, Clerk's Office   DOCKET NO. AP-03-36
SUPERIOR COURT   REC - CUM - 9/23/2003

SEP 23 2003

RECEIVED

DONALD L. ⟨ ⟩RECHT
LAW LIBRARY

OCT 1 2003

CHARLES D. SWANSON and                            ORDER ON PLAINTIFFS'
JOEL K. NICKLESS,                                 MOTION FOR TRIAL OF
                                                  THE FACTS
                Plaintiffs

        v.

TOWN OF FREEPORT, et al.,

                Defendants.

## FACTUAL BACKGROUND

On April 16, 2003, the Town of Freeport Planning Board (the "Planning Board") found that L.L. Bean's use of the Mallett Barn and adjacent property at Wolfe's Neck Farm for Outdoor Discovery School kayaking classes was sufficiently extensive to make the barn a "school." Record ("R"), Ex. B-18 at 12. The Freeport zoning ordinance defines a "school" as a "building, the principal use of which is conducting educational classes." Freeport, Me., Code § 104. Wolfe's Neck Farm is located in Freeport's Rural Residential- II ("RR-II") zone. R. B-16 at 11. A school is permitted in an RR-II zone, so long as the Planning Board is satisfied that the use of the property meets the site plan review standards set forth in the Town of Freeport's land use code. R., Ex. E at § 403(B)(11).

During the April 16, 2003 meeting, Planning Board members specifically heard arguments on whether L.L. Bean's use of the Mallet Barn and adjacent property was a school. R., Ex. C. At this hearing, Planning Board members were also reminded that in January 2003, plaintiffs had questioned the characterization of L.L. Bean's Outdoor Discovery School classes as a "school." R., Ex. B-18 at 9. In addition, at the hearing, Plaintiffs Swanson and Nickless opposed L.L. Bean's use of the site and argued that L.L.

Bean's instructional activities on the site did not comprise a school. Ex. B-18 at 10. Both Plaintiffs argued that L.L. Bean's activities amounted to a commercial operation rather than a school. R., Ex. C at 32-34, 42. Finally, at the hearing, the Planning Board members themselves debated whether L.L. Beans kayaking classes satisfied, as a factual matter, the definition of a "school," as well as whether the definition of school distinguishes between commercial and non-commercial schools. R., Ex. C. at 37-41.

Plaintiffs are now asking that the court grant them a trial of the facts in which to introduce evidence not in the record and not stipulated to by the parties.

## DISCUSSION

The Law Court has held that Rule 80B(d) is not intended to allow the Court to retry facts that were presented to the governmental decision maker. Rather, "[t]he purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237, 240-41 (citing Palesky v. Secretary of State, 1998 ME 103, ¶¶ 5-9, 711 A.2d 129, 131-132 (applying M. R. Civ. P. 80C). The Court may, for example, allow a party to augment the record "where there are claims of ex parte communication or bias alleged, with sufficient particularity, to have had an effect on the fairness of governmental proceedings." Id., 2000 ME 7, ¶ 9, 743 A.2d at 240-41. In addition, the Court may allow the record to be supplemented "if the government took action, reviewable by the court, in circumstances that did not allow for the making of a record." Id. (citing Moreau v. Town of Turner, 661 A.2d 677, 679 (Me. 1995); Palesky v. Town of Topsham, 614 A.2d 1307, 1310 n.3 (Me. 1992); Marxsen v. Board of Dirs., M.S.A.D. No. 5, 591 A.2d 867, 871 (Me. 1991).

In the present action, Plaintiffs make no claims of ex parte communications or bias. Nor is this a situation where there were circumstances that did not allow for the making of a record. Rather, Plaintiffs wish to augment the record in order to retry the same issues that have already been heard by the Planning Board: whether the kayaking operation constitutes a school and whether the Mallet Barn and the adjacent property is primarily being used for educational purposes. The record shows that the Planning Board has already entertained these exact questions and afforded the plaintiffs an opportunity to present evidence on these topics. Therefore, the record need not be augmented.

Moreover, the additional evidence that Plaintiffs would like to present at a trial of the facts is evidence that Plaintiffs could have presented to the Planning Board, including: (1) details of the actual use of the Mallet Barn on the property, and details regarding the overall kayaking operation and its role in L.L. Bean's aggressive marketing plan, including recent growth rates and strategy; (2) articles illustrating how the kayaking operation is integrated into L.L. Bean's marketing plan; and (3) advertisements for the kayaking classes, wherein the term "school" is used infrequently. See Pls.' Offer of Proof at 3; Pls.' Exhibits A, B, and C. In addition, the record indicates that Plaintiffs were in possession of at least some of this evidence at the time of the April 16, 2003 hearing, as several of the same pieces of evidence were also offered in Plaintiffs' February 2003 application for a hearing with the Zoning Board of Appeals. See R., Ex. D-1.

Allowing Plaintiffs to augment the record with evidence that could have been presented at an earlier time would be inconsistent with the holding in H.E. Sargent, Inc. v. Town of Wells, 676 A.2d 920, 926 (Me. 1996). In that case, the Law Court upheld the denial of a motion for trial by an appellant who sought to add to the record evidence that the appellant was unprepared to address at the hearing before the local board. The

Court noted that the appellant had ample notice and opportunity to present evidence at the hearing. Id. at 926-27. Similarly, in a more recent decision, the Superior Court held that "a trial of the facts is unavailable for those issues that could have been raised below concerning the substance of the case." Chutter v. Inhabitants of Bristol, AP-00-004 (Me. Super. Ct., Lin. Cty., Oct. 26, 2000) (Gorman, J.). Given that the Plaintiffs in the present action had ample notice and opportunity to present evidence to the Planning Board, the Court will not allow them to now develop the record with this additional evidence.

The entry is

Plaintiff's Motion for Trial of the Facts is DENIED

Dated at Portland, Maine this 22nd day of September, 2003.

Robert E. Crowley
Justice, Superior Court

Date Filed __05-16-2003__    __Cumberland__    Docket No. __AP-03-36__

County

Action __80B Appeal__

CHARLES D. SWANSON
JOEL K. NICKLESS

INHABITANTS OF THE TOWN OF FREEPORT
THE FREEPORT PLANNING BOARD
L.L. BEAN, INC.
WOLFE'S NECK FARM FOUNDATION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Paul E. Peck, Esq. (Bar No: 3527) Andrew W. Sparks, Esq. (Bar No: 3649) Drummond & Drummond, L.L.P. One Monument Way Portland, ME 04101 (207) 774-0317 | Martin I. Eisenstein Esq. Kevin J. Beal, Esq. P.O. Box 3070 Lewiston, Maine 04243-3070 (207) 786-3566 |

PETER PLUMB, ESQ. (773-5651) Wolf Neck
Farm Foundation

CHRISTOPHER L VANIOTIS, ESQ. (774-1200)
Inhabitants of the Town of Freeport &
The Freeport Planning Board

| Date of Entry | |
|---|---|
| 2003 | |