U.S. Bank Trust, N.A. v. Accredited Home Lenders, Inc., 050217 MESUP, CV-15-228 /**/ div.c1 {text-align: center} /**/

**U.S. BANK TRUST, N.A., TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, Plaintiff,**

**v.**

**ACCREDITED HOME LENDERS, INC., d/b/a HOME FUNDS DIRECT, Defendant,**

**LISA KAY FOLK, LORI THARPE a/k/a LAURIE THARPE, and MORTGAGE ELECTIONIC REGISTRATION SYSTEMS, INC., NOMINEE FOR HOME FUNDS DIRECT, Parties-in-Interest.**

**Civil Action No. CV-15-228**

**Superior Court of Maine, York**

**May 2, 2017**

ATTORNEY FOR PLAINTIFF: JOHN DOONAN, ESQ. DOONAN GRAVES LONGORIA, LLC.

PROSE DEFENDANTS: ACCREDITED HOME LENDERS INC D/B/A HOME FUNDS DIRECT, LISA KAY FOLK LORI THARPE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

**ORDER**

HON. JOHN O'NEIL, JR. JUSTICE, SUPERIOR COURT

**I. Background**

Plaintiff U.S. Bank Trust, N.A., Trustee for LSF8 Master Participation Trust brings this action against defendant Accredited Home Lenders, Inc. d/b/a Home Funds Direct in what appears to be an attempt to cure a *Greenleaf* standing defect. *See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, 96 A.3d 700.

**a. Procedural History**

On October 21, 2015, plaintiff filed a declaratory judgment action against defendant seeking a declaration that (1) defendant intended for its nominee named in the mortgage deed to have the right to assign, enforce, and discharge defendant's interest in the mortgage; (2) nominee transferred the subject mortgage to plaintiff; and (3) plaintiff is the owner of the subject note and mortgage deed.

Defendant Accredited Home Lenders, Inc. was served on October 22, 2015 through delivery of a copy of the summons and complaint upon the Maine Secretary of State. *See* 13-C M.R.S. § 1532(4) (2003). Parties-in-interest Lisa Folk and Lori Tharpe were served in hand on October 23 and 25, 2015 respectively. Party-in-interest Mortgage Electronic Registration Systems, Inc. ("MERS") was served on October 23, 2015. Defendant and parties-in-interest have not responded to plaintiffs complaint. Plaintiff moved on June 6, 2016 for "quiet title and declaratory default judgment and judgment on the pleadings." There is no opposition to the motion.

The court scheduled a hearing on plaintiffs motion for November 2, 2016. Plaintiffs request for a telephonic hearing was granted. Shortly before the hearing, counsel for plaintiff contacted the Clerk's office to notify the court he would not able to call in at the scheduled time and requested a hearing later in the day. Counsel called the court for a hearing while the court was in session hearing another scheduled matter. Therefore, a hearing has not held in this matter.

**b. Facts**

On September 25, 2006, parties-in-interest Lisa Kay Folk and Lori (or Laurie) Tharpe executed and delivered a promissory note in the amount of $204, 250.00 to defendant Accredited Home Lenders, Inc. (Compl. ¶ 7.) That same day, they signed a mortgage on the property located at 455 Old North Berwick Road in Alfred, Maine. (Compl. ¶ 9.) The mortgage named defendant as the "lender" and Mortgage Electronic Registration System, Inc. ("MERS") as the "nominee" of the lender. (Id. (Ex. B at 2).) Party-in-interest MERS purported to assign the mortgage deed to HSBC Mortgage Services, Inc. on February 2, 2010, [1] (Compl. ¶ 11.), and HSBC Mortgage Services subsequently purported to assign the mortgage deed to the Bank on December 16, 2013. (Compl. ¶ 12.)

## II. Discussion

### a. Default Judgment

The court may grant a default judgment against a party who failed to appear. M.R. Civ. P. 55(b)(2). "If, in order to enable the court to enter judgment . . ., it is necessary ... to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings ... as it deems necessary and proper . . . ." M.R. Civ. P. 55(b)(2). Defendant appears to be defunct. In this matter, which may be integral to plaintiffs ability to establish standing in a foreclosure action against parties-in-interest Folk and Tharpe, a hearing is necessary for the court to enter a judgment. However, for the reasons discussed below the court denies the motion.

### b. Declaratory Judgment

Declaratory Judgment is proper if it will end a "controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ."[2] 14 M.R.S. § 5963 (2015). Declaratory judgment may not remove the controversy or uncertainty in this case. If the court ultimately finds that plaintiff failed to establish its ownership of the mortgage grant, the relief the bank seeks, it would not only be a declaration of the rights of MERS to assign the mortgage, but also HSBC Bank's rights to do the same. See Fannie Mae v. America's Wholesale Lender, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *2 (Mar. 1, 2016). The court cannot declare HSBC Bank's rights because it is not a party. Id. at *3.

### c. Equitable Solutions to a *Greenleaf Defect*

This court recently discussed the same issue presented in plaintiffs motion in an order denying a similar motion is a different case. See Bank of N.Y.Mellon v. First Magnus Fin. Corp., No. CV-15-172, 2016 Me. Super. LEXIS 132, at * 1-5 (Jul. 5, 2016). The court held that the court does not have authority to equitably grant plaintiff standing to foreclose on the mortgage. See Greenleaf, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. The court is not persuaded by plaintiffs argument that a declaratory judgment is proper because the mortgage is held in equitable trust for the holder of the mortgage note. (Pl's Memo, of Law 2) (citing, Jordan v. Cheney, 74 ME 359 (Me. 1883)).) The Law Court in Greenleaf 'held that a bank, as transferee of MERS as nominee for the mortgagee, had no standing to foreclose on the transferred mortgage despite having proven its status as holder of the mortgage note and its right to enforce the debt created thereby. Greenleaf, 2014 ME 89, ¶ 11, 96 A.3d 700. The court cannot decide here that the holder of the mortgage

note, as a transferee of MERS as nominee for defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by defendant without contradicting the Law Court's determination in *Greenleaf*. *See generally* John J. Aromando, *Standing to Foreclose in Maine: Bank of America, N.A. v. Greenleaf,* 29 Maine Bar J. 186 (2014) (noting that *Greenleaf I* marks a distinct departure from Maine precedent on the equitable trust doctrine as it applies to mortgages).

### d. Judgment on the Pleadings

Plaintiff seeks judgment on the pleadings in addition to default judgment. "A motion for judgment on the pleadings filed by the plaintiff tests the legal sufficiency of the affirmative defenses set forth in the defendant's answer." *Cunningham v. Haza,* 538 A.2d 265, 267 n.2 (Me. 1988) (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 (2d ed. 1970). *See also Temple v. DiPietro,* 2015 ME 166, ¶ 27, 130 A.3d 368. Judgment on the pleadings is inappropriate in this matter because the defendant has neither appeared nor filed any responsive pleading. *See United States Bank v. Decision One Mortg, Co.,* No. CV-15-65, 2016 Me. Super. LEXIS 173, *7 (July 26, 2016). *See also Perez v. Wells Fargo N.A., 114* F.3d 1329, 1336-37 (11th Cir. 2014).

### III. Conclusion

For the reasons stated above, plaintiff U.S. Bank Trust, N.A.'s motion for quiet title, declaratory default judgment and judgment on the pleadings is DENIED.

SO ORDERED.

---------

Notes:

[1] HSBC Mortgage Services is not party to this litigation.

[2] Section 5952 clarifies that a "person" is defined as "any person, partnership, joint stock company, unincorporated association or society, or municipal or other corporation of any character, whatsoever." 14 M.R.S. §5952(2015).

---------

STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO.: CV-15-228

U.S. BANK TRUST, N.A.,
TRUSTEE FOR LSF8 MASTER
PARTICIPATION TRUST,

        Plaintiff,

    v.

ACCREDITED HOME
LENDERS, INC., d/b/a                              **ORDER**
HOME FUNDS DIRECT,

        Defendant,

LISA KAY FOLK,

LORI THARPE a/k/a
LAURIE THARPE, and

MORTGAGE ELECTIONIC
REGISTRATION SYSTEMS, INC.,
NOMINEE FOR HOME FUNDS
DIRECT,

        Parties-in-Interest.

## I.    Background

Plaintiff U.S. Bank Trust, N.A., Trustee for LSF8 Master Participation Trust brings this action against defendant Accredited Home Lenders, Inc. d/b/a Home Funds Direct in what appears to be an attempt to cure a *Greenleaf* standing defect. *See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, 96 A.3d 700.

### a.  Procedural History

On October 21, 2015, plaintiff filed a declaratory judgment action against defendant seeking a declaration that (1) defendant intended for its nominee named in the mortgage deed to

1

have the right to assign, enforce, and discharge defendant's interest in the mortgage; (2) nominee transferred the subject mortgage to plaintiff; and (3) plaintiff is the owner of the subject note and mortgage deed.

Defendant Accredited Home Lenders, Inc. was served on October 22, 2015 through delivery of a copy of the summons and complaint upon the Maine Secretary of State. *See* 13-C M.R.S. § 1532(4) (2003). Parties-in-interest Lisa Folk and Lori Tharpe were served in hand on October 23 and 25, 2015 respectively. Party-in-interest Mortgage Electronic Registration Systems, Inc. ("MERS") was served on October 23, 2015. Defendant and parties-in-interest have not responded to plaintiff's complaint. Plaintiff moved on June 6, 2016 for "quiet title and declaratory default judgment and judgment on the pleadings." There is no opposition to the motion.

The court scheduled a hearing on plaintiff's motion for November 2, 2016. Plaintiff's request for a telephonic hearing was granted. Shortly before the hearing, counsel for plaintiff contacted the Clerk's office to notify the court he would not able to call in at the scheduled time and requested a hearing later in the day. Counsel called the court for a hearing while the court was in session hearing another scheduled matter. Therefore, a hearing has not held in this matter.

b. **Facts**

On September 25, 2006, parties-in-interest Lisa Kay Folk and Lori (or Laurie) Tharpe executed and delivered a promissory note in the amount of $204,250.00 to defendant Accredited Home Lenders, Inc. (Compl. ¶ 7.) That same day, they signed a mortgage on the property located at 455 Old North Berwick Road in Alfred, Maine. (Compl. ¶ 9.) The mortgage named defendant as the "lender" and Mortgage Electronic Registration System, Inc. ("MERS") as the "nominee" of the lender. (*Id.* (Ex. B at 2).) Party-in-interest MERS purported to assign the mortgage deed to

2

HSBC Mortgage Services, Inc. on February 2, 2010,[1] (Compl. ¶ 11.), and HSBC Mortgage Services subsequently purported to assign the mortgage deed to the Bank on December 16, 2013. (Compl. ¶ 12.)

## II. Discussion

### a. Default Judgment

The court may grant a default judgment against a party who failed to appear. M.R. Civ. P. 55(b)(2). "If, in order to enable the court to enter judgment . . . , it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper . . . ." M.R. Civ. P. 55(b)(2). Defendant appears to be defunct. In this matter, which may be integral to plaintiff's ability to establish standing in a foreclosure action against parties-in-interest Folk and Tharpe, a hearing is necessary for the court to enter a judgment. However, for the reasons discussed below the court denies the motion.

### b. Declaratory Judgment

Declaratory Judgment is proper if it will end a "controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ."[2] 14 M.R.S. § 5963 (2015). Declaratory judgment may not remove the controversy or uncertainty in this case. If the court ultimately finds that plaintiff failed to establish its ownership of the mortgage grant, the relief the bank seeks, it would not only be a declaration of the rights of MERS to assign the mortgage, but also HSBC Bank's rights to do the same. *See Fannie Mae v.*

---

[1] HSBC Mortgage Services is not party to this litigation.

[2] Section 5952 clarifies that a "person" is defined as "any person, partnership, joint stock company, unincorporated association or society, or municipal or other corporation of any character whatsoever." 14 M.R.S. § 5952 (2015).

*America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *2 (Mar. 1, 2016). The court cannot declare HSBC Bank's rights because it is not a party. *Id.* at *3.

### c. Equitable Solutions to a *Greenleaf* Defect

This court recently discussed the same issue presented in plaintiff's motion in an order denying a similar motion is a different case. *See Bank of N.Y. Mellon v. First Magnus Fin. Corp.*, No. CV-15-172, 2016 Me. Super. LEXIS 132, at *1-5 (Jul. 5, 2016). The court held that the court does not have authority to equitably grant plaintiff standing to foreclose on the mortgage. *See Greenleaf*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. The court is not persuaded by plaintiff's argument that a declaratory judgment is proper because the mortgage is held in equitable trust for the holder of the mortgage note. (Pl.'s Memo. of Law 2) (citing, *Jordan v. Cheney*, 74 ME 359 (Me. 1883)).) The Law Court in *Greenleaf* held that a bank, as transferee of MERS as nominee for the mortgagee, had no standing to foreclose on the transferred mortgage despite having proven its status as holder of the mortgage note and its right to enforce the debt created thereby. *Greenleaf*, 2014 ME 89, ¶ 11, 96 A.3d 700. The court cannot decide here that the holder of the mortgage note, as a transferee of MERS as nominee for defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by defendant without contradicting the Law Court's determination in *Greenleaf*. *See generally* John J. Aromando, *Standing to Foreclose in Maine: Bank of America, N.A. v. Greenleaf*, 29 Maine Bar J. 186 (2014) (noting that *Greenleaf I* marks a distinct departure from Maine precedent on the equitable trust doctrine as it applies to mortgages).

### d. Judgment on the Pleadings

Plaintiff seeks judgment on the pleadings in addition to default judgment. "A motion for judgment on the pleadings filed by the plaintiff tests the legal sufficiency of the affirmative

4

defenses set forth in the defendant's answer." *Cunningham v. Haza*, 538 A.2d 265, 267 n.2 (Me. 1988) (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 (2d ed. 1970). *See also Temple v. DiPietro*, 2015 ME 166, ¶ 27, 130 A.3d 368. Judgment on the pleadings is inappropriate in this matter because the defendant has neither appeared nor filed any responsive pleading. *See United States Bank v. Decision One Mortg. Co.*, No. CV-15-65, 2016 Me. Super. LEXIS 173, *7 (July 26, 2016). *See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336-37 (11th Cir. 2014).

### III.  Conclusion

For the reasons stated above, plaintiff U.S. Bank Trust, N.A.'s motion for quiet title, declaratory default judgment and judgment on the pleadings is DENIED.

SO ORDERED.

Dated:  5/2/17

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 5/2/17

Date: 5/2/17
At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79 (a)

_____
/s/ John H. O'Neil
Justice, Superior Court

ALFSC-CV-2015-228


**ATTORNEY FOR PLAINTIFF:**

JOHN DOONAN, ESQ.
DOONAN GRAVES LONGORIA, LLC
100 CUMMINGS CENTER, SUITE 225D
BEVERLY  MA  01915


**PRO SE DEFENDANTS:**

ACCREDITED HOME LENDERS INC
D/B/A HOME FUNDS DIRECT
PO BOX 502480
SAN DIEGO  CA  92150-2480

LISA KAY FOLK
454 OLD NORTH BERWICK ROAD
LYMAN  ME  04002

LORI THARPE
70A HIGH STREET
SANFORD  ME  04073

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
1818 LIBRARY STREET, SUITE 300
RESTON  VA  20190