STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-19-0099

PATRICK DONAHUE and WILLIAM
DONAHUE,

   Plaintiffs,

  v.

ALLEN BERUBE, INA TOTH, and
QUATTRO, LLC,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANTS TOTH
AND QUATTRO LLC'S MOTION FOR
JUDGMENT ON PLEADINGS

Patrick Donahue and William Donahue have filed a six-count complaint against Allen Berube, Ina Toth, and Quattro, LLC for damages arising out of an incident in March 2019 in which Berube and others are alleged to have assaulted and intimidated Patrick Donahue. The complaint asserts that Defendants are jointly and severally liable based on allegations of assault (Count I), intentional infliction of emotional distress (Count II), negligent infliction of emotional distress (Count III), negligence (Count IV), negligent supervision (Count V), and *respondeat superior* (count VI).[1]

Defendants Toth and Quattro LLC have moved for judgment on the pleadings pursuant to M.R. Civ.P. 12(c). For the reasons set out below, the motion is granted with respect to Counts I, II, III, IV, and V; and denied as to Count VI.

## I. Background

Allen Berube and Ina Toth are licensed real estate agents in Maine. (Compl. ¶¶ 3, 4.) Quattro LLC is a limited liability company operating in York, Maine, under the

---

[1] The negligence court is incorrectly numbered "Count III," causing the following two counts to be mis-numbered in the complaint as well.

1

assumed name, "Re/Max Realty One". (Compl. ¶ 5.) Berube worked for Toth and Quattro/Remax at all relevant times. (Compl. ¶ 10.)[2]

William Donahue owns Five Star Holdings, LLC, which contracted with Quattro to list and sell certain real estate in Scarborough, Maine. (Compl. ¶ 8.) Berube was the listing agent. (Compl. ¶¶ 9-10.) Berube and Toth secured a buyer for the property. (Compl. ¶ 12.) Because of certain errors on the part of Berube, Toth, and/or Quattro, Five Star Holdings was forced to make concessions in order to avoid losing the sale; and, as a result, Quattro agreed to waive commissions and give the buyer $5,000 in closing costs. (Compl. ¶¶ 13-17.)

Subsequently, on or about March 14, 2019, Patrick Donahue was accosted at a local restaurant by Berube and several other men, including the man who had invited Patrick to the restaurant on that occasion. (Compl. ¶¶ 18-20.) Berube, a mixed martial artist, expressed anger regarding the lost real estate commission; threatened physical violence against Patrick and William unless the forfeited commission was paid; prevented Patrick from leaving the restaurant; and placed him in imminent fear of attack and physical injury. (Compl. ¶¶ 21-29.) It is unclear from the complaint whether William Donahue was present at the time of this incident.

The complaint alleges that Berube and his associates acted "individually and on behalf of and/or with the knowledge of all Defendants;" that Toth (and Quattro) knew Berube was a trained martial artist "with a short fuse and hot temperament;" that they "knew or should have known of Berube's plan to threaten Plaintiffs; and that they "stood to benefit from Berube's behavior." (Compl. ¶¶ 31-32, 57, 66, 67.) (Emphasis added.) Plaintiffs further allege that "Berube's conduct was a foreseeable consequence of the

---

[2] Although the complaint does not aver the relationship between Toth and Quattro, LLC, the court assumes that Toth is the owner or sole member of Quattro LLC. The complaint also does not aver the relationship between William and Patrick Donahue.

2

loss of real estate commissions" and that Toth and Quattro knew or should have known, failed to stop, and stood to gain from Berube's planned course of conduct. (Compl. ¶ 67.)

Plaintiffs filed their complaint on April 24, 2019. Toth and Quattro answered the complaint on May 20, 2019, and Berube answered the complaint on June 3, 2019.[3]

## II. Standard of Review

A Rule 12(c) motion for judgment on the pleadings tests the legal sufficiency of the complaint in the same manner as a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). *Wawenock, LLC v. DOT*, 2018 ME 83, ¶ 4, 187 A.3d 609 (citing *Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988)). In reviewing the complaint, the court "assum[es] that the factual allegations are true, examin[es] the complaint in the light most favorable to plaintiff, and ascertain[s] whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory[.]" *Id.* (quoting *Cunningham*, 538 A.2d at 267) (quotation marks omitted). Dismissal is not warranted "unless it is beyond doubt that no relief can be granted under any facts that might be proved to support the plaintiff's claim." *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citations omitted).

## III. Discussion

### A. First Four Counts

The complaint does not allege any direct tortious conduct on the part of Toth or Quattro. Rather, it states that Berube and others who not named as parties herein accosted Patrick Donahue in Biddeford in March 2019 and engaged in the conduct that comprises the basis for the causes of action of assault (Count I), intentional infliction

---

[3] The court rejects the contention that the instant motion is premature because the pleadings have not closed. (see Pls.' Opp., at 1-2.) The motion was filed on June 25, 2019—after the filing of Toth and Quattro's Answer on May 20, 2019 and Berube's answer on June 3, 2019.

3

of emotional distress (Count II), and negligent infliction of emotional distress (Count III). The complaint fails to identify any duty owed by Toth and/or Quattro to Plaintiffs or the actions or omissions on their parts that might constitute a breach of that duty, both of which Plaintiffs must establish to state a claim for negligence (Count IV). *See Mastriano v. Blyer,* 2001 ME 134, ¶¶ 11-12, 779 A.2d 951. In their opposition, Plaintiffs failed to address Defendants' challenge to these claims. Even if the complaint is read broadly to allege that Toth and Quattro knew about and would benefit from the attack, this does not amount to direct engagement in the tortious conduct that would serve as a basis for these claims. Therefore, the motion will be granted as to Counts I, II, III, and IV.

**B. Count V: Negligent Supervision**

The complaint fails to state a claim for negligent supervision against Toth and Quattro. A negligent supervision claim rests upon the existence of a "special relationship" between the employer and the injured party. *Fortin v. Roman Catholic Bishop of Portland,* 2005 ME 57, ¶ 39, 871 A.2d 1208 (citing Restatement (Second) of Torts, §§ 315(b), 317; s*ee Dragomir v. Spring Harbor Hosp.,* 2009 ME 51, ¶ 19, 970 A.2d 310. Such a "special relationship" may consist of a fiduciary relationship where there exists "a great disparity of position and influence between the parties" or a custodial relationship between "those who are required by law to take physical custody of another or who voluntarily do so, such as to deprive the other of his normal opportunities for protection." *Gniadek v. Camp Sunshine at Sebago Lake, Inc.,* 2011 ME 11, ¶¶ 20, 24, 11 A.3d 308 (quotation marks and citations omitted). Neither type of special relationship is pleaded here.

Even if as listing broker for Five Star's property, Quattro (and Toth) owed a fiduciary duty to that company, "not all fiduciary relationships are special relationships" for purposes of a negligent supervision claim. *Id.* ¶ 19. The complaint here fails to allege

4

facts from which the court could infer the existence of "a great disparity of position and influence" between Toth/Quattro and Five Star Holdings, or between William Donahue in his individual capacity and Toth/Quattro. Nor does the complaint allege any relationship at all—special or otherwise—between Patrick Donahue and Toth/Quattro. Consequently, the motion is granted as to Count V.

## C. Count VI: *Respondeat Superior*

An employer may be vicariously liable for the tortious conduct of its employee when the employee's conduct was within his "scope of employment." *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 13, 823 A.2d 540 (quotation marks omitted). An employee's conduct falls within the scope of employment if (a) it is of the kind he is employed to perform; (b) it occurs substantially within authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master. *Id.* ¶ 14 (citing Rest. (2d) Agency, §§ 228, 231 (1958)).[4]

Although it seems dubious that Berube was acting "within the scope of his employment" in these circumstances, the complaint makes broad allegations that the court must view in the light most favorable to Plaintiffs in the context of a Rule 12(c)

---

[4] Section 228 sets out the basic elements for vicarious liability as referenced above. Section 231 provides additional rules regarding an employer's vicarious liability for an employee's criminal conduct. An employer may be liable for criminal or tortious conduct of its employee when that conduct falls within the scope of employment. Rest. (2d) Agency § 231 (1958). An employer is not liable, however, for an employee's commission of criminal acts that are "clearly inappropriate to or unforeseeable in the accomplishment of the authorized result." *Id.* An employer may be liable for an employee's commission of "minor crimes in the prosecution of the business." Rest. (2d) Agency § 231 cmt. a (1958). *See also Mahar*, 2003 ME 63, ¶ 17, 823 A.2d 540 (holding that criminal "[a]ssault against and threatening of a family is serious criminal conduct that is unanticipated," which put the conduct beyond the scope of employment); *Gniadek v. Camp Sunshine at Sebago Lake, Inc.*, 2011 ME 11, ¶ 35, 11 A.3d 308 (reiterating that "assaultive and threatening conduct by an employee who did not purport to act on his employer's behalf" fell outside of the scope of employment when a summer camp volunteer committed second degree sexual assault against a camper).

5

motion. For example, it alleges that that Berube acted "on behalf of and/or with the knowledge of all Defendants;" that Toth "knew . . . of Berube's plan to threaten Plaintiffs"; that Defendants "were aware or knew . . . of Berube's plans"; and they "did not stop or prevent Berube's conduct and stood to gain from Berube's conduct." (Compl. ¶¶ 31, 58, 67.) Although the specific allegations set out in connection with Count VI are sparse, paragraph 61 carries forward and incorporates all prior allegations therein. Further development of the facts will likely test these assertions, and may or may not support a future pre-trial motion with regard to Count VI and Defendants Toth and/or Quattro. The instant motion for judgment on the pleadings with respect to Count VI, however, must be denied.

## IV. Order

For the reasons set out above, it is hereby ordered and the entry shall be: "Defendant Ina Toth and Defendant Quattro, LLC's Motion for Judgment on the Pleadings is GRANTED with respect to Counts I, II, III, IV, and V; and DENIED with respect to Count VI.

The clerk may enter this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED

Dated: September 11, 2019

Wayne R. Douglas
Justice, Superior Court

ENTERED ON THE DOCKET ON: 9/19/19

6

ALFSC-CV-2019-0099

ATTORNEYS FOR PLAINTIFF:

JEFFREY BENNETT ESQ
LEGAL EASE LLC PA
198 MAINE MALL ROAD BOX 15
SOUTH PORTLAND ME 04106

ATTORNEYS FOR DEFENDANT

DEFENDANT ALLEN BERUBE
ELIZABETH STOUDER, ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

DEFENDANT QUATTRO LLC AND INA TOTH
ROBERT HATCH, ESQ
THOMPSON BOWIE & HATCH LLC
PO BOX 4630
PORTLAND ME 04112-4630