STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CIV-2022-00054

REA INVESTMENTS, LLC,          )
GLD-REA, LLC and               )
CANTON GLC SOLAR, LLC,         )
                               )
          Plaintiffs,          )
                               )        ORDER DENYING
                               )        DEFENDANTS' MOTION
     v.                        )        FOR JUDGMENT ON THE
                               )        PLEADINGS
                               )
GREEN LANTERN DEVELOPMENTS,    )
LLC and GREEN LANTERN          )
CONSTRUCTION, LLC              )
                               )
          Defendants.          )

Before the court is a Motion for Judgment on the Pleadings under M.R. Civ. P. 12(c) filed by Green Lantern Developments, LLC ("GLD") and Green Lantern Construction, LLC ("GLC") (collectively, the "Defendants"). The court heard argument on the Defendants' Motion on March 6, 2023. For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is denied.

<u>LEGAL STANDARD</u>

A motion for judgment on the pleadings under Rule 12(c) tests the legal sufficiency of the complaint. *Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988). When the defendant is the moving party, the motion is treated as "nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 4, 187 A.3d 609 (citation omitted). Hence, when reviewing the complaint, the court assumes the factual allegations are true, examines the complaint in the light most favorable to the plaintiff, and ascertains whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory. *Id.*

1

(citation omitted). In limited circumstances, an affirmative defense may serve as the basis for dismissal under Rule 12(c) when the complaint itself affirmatively demonstrates the existence and the applicability of that defense. *Cunningham*, 538 A.2d at 267 (citations omitted).

Generally, a court may consider only the pleadings on a motion to dismiss. *Est. of Robbins v. Chebeague & Cumberland Land Tr.*, 2017 ME 17, ¶ 2 n.2, 154 A.3d 1185 (citing *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶¶ 8-9, 843 A.2d 43). However, official public documents, documents central to the plaintiff's complaint, and documents referred to therein may also be considered in a ruling on a motion to dismiss "without converting [the] motion . . . into a motion for summary judgment when the authenticity of such documents is not challenged." *Id.* (citing *Moody*, 2004 ME 20, ¶ 10, 843 A.2d 43); *Insurcomm, Inc. v. Otis*, No. CV-20-213, 2021 Me. Super. LEXIS 8, at *2-5 (May 3, 2021) (applying the *Moody* exception in the context of a party's motion for judgment on the pleadings under M.R. Civ. P. 12(c)).

## BACKGROUND

GLD-REA is a limited liability company and joint venture between its two members, GLD and REA. (Compl. ¶ 2.) GLD is a renewable energy development and finance company, whereas REA is a solar developer that produces solar projects by linking investment and financing services with engineering and construction providers. (Compl. ¶¶ 8, 9.) On March 23, 2021, REA partnered with GLD to form the GLD-REA entity for the sole purpose of obtaining, developing, and owning solar projects. (Compl. ¶ 10.)

GLD-REA, 45% of which was owned by GLD and 55% by REA, is governed by an operating agreement dated March 24, 2021 (the "GLD-REA OA"). (Compl. ¶ 11; Defs.' Ex. A.) GLD was the original Manager of GLD-REA, but REA became the Manager pursuant to the GLD-REA OA and a resolution dated September 15, 2022. (Compl. ¶¶ 12, 13.)

2

The GLD-REA OA provides that "Major Decisions are reserved to the Members, and none of the Company, the Manager, or any officer thereof shall do or take or make or approve any Major Decisions without Member Consent." (Defs.' Ex. A. art. VIII § 8.4(a).) Further, "[t]he decision of each Member to consent or not to consent to any Major Decision shall be in the sole discretion of such Member." (Defs.' Ex. A. art. VIII § 8.4(b).) The pursuit, initiation, or settlement of "any claim, litigation, or arbitration involving the Company, a Project, or a Project Owner, with an amount in controversy that equals or exceeds $25,000 or which includes consent to or award of an injunction, specific performance or other equitable relief" is defined as a "Major Decision." (Defs.' Ex. A. art. I, § 1.1(g).) "Member Consent" means "the consent of all Members of [GLD-REA]." (Defs.' Ex. A. art. I, § 1.1.) Further, "[t]he Manager is ... authorized by the Members to take any and all actions on behalf of [GLD-REA] subject, in the case of Major Decisions, to the approval requirements of Section 8.4." (Defs.' Ex. A. art. III, § 3.2(e).)

The GLD-REA OA also limits the liability of its members. It provides that "no Member will be liable to the Company, [or to] any Member (including the Manager) ... for any action taken by or on behalf of the Company, except (i) for such actions as constitute gross negligence, fraud or willful misconduct of such Member." (Defs.' Ex. A. art. III, § 3.6(a).) Additionally, the GLD-REA OA declares that the "sole recourse of [GLD-REA] for performance of the obligations of any Member ... shall be against such Member." (Defs.' Ex. A. art. XI, § 11.16.) Finally, the GLD-REA OA provides a comprehensive dispute resolution process that applies "to any dispute arising under or related to [the GLD-REA OA] (whether arising in contract, tort or otherwise, and whether arising at law or in equity), including (i) any dispute regarding the construction, interpretation, performance, validity or enforceability of any provision of [the GLD-REA OA] or whether any

3

Person is in compliance with, or in breach of, any provisions of [the GLD-REA OA]."[1] (Defs.' Ex. A. art. XI, § 11.11(a).)

Apart from GLD-REA, on April 4, 2021, GLD, as the sole member, formed Canton GLC Solar for the purpose of constructing, developing, owning, and operating a solar generation system in Canton, Maine (the "Project"). (Compl. ¶¶ 14, 15.) During July of 2021, Canton GLC Solar acquired an ownership interest in the Project. (Compl. ¶ 16.) On September 21, 2021, Canton GLC Solar and GLC, a wholly owned subsidiary of GLD, entered into an agreement according to which GLC agreed to construct the Project. (Compl. ¶ 17.) Finally, during November of 2021, GLD, REA, and GLD-REA agreed to develop the Project under GLD-REA. (Compl. ¶ 23.)

Ultimately, a dispute arose regarding the Project's viability. (Compl. ¶¶ 45-49.) Representatives for REA and for GLD and GLC discussed the possibility of selling the Project and splitting 45%-55% any proceeds in accordance with their agreements. (Compl. ¶ 50.) On July 8, 2022, the representative for GLD and GLC asserted that the agreement through which GLD sought to transfer its 100% interest in Canton GLC Solar into GLD-REA was defective. (Compl. ¶¶ 24, 51.) The parties continue to dispute ownership of Canton GLC Solar and the Project. (Compl. ¶¶ 54, 61.)

On September 23, 2022, REA, GLD-REA, and Canton Solar GLC (collectively, the "Plaintiffs") filed a ten-count Complaint against the Defendants. (Compl; Defs.' Mot. J. Pleadings 2.) Counts I, VI, VII, and VIII are pled by and for REA, GLD-REA, and Canton GLC Solar against GLD. (Compl. ¶¶ 64-69, 104-127.) Counts II-V are pled by and for GLD-REA and REA against GLD. (Compl. ¶¶ 70-103.) Counts IX and X are pled by and for Canton GLC Solar against GLC. (Compl. ¶¶ 128-153.)

---

[1] The GLD-REA OA's definition of "Person" includes "any individual, partnership, limited liability company, joint venture, [or] corporation." (Defs.' Ex. A. art. I, § 1.1.)

DISCUSSION

Through their Motion, Defendants argue that they are entitled to judgment as a matter of law on Plaintiffs' claims because the GLD-REA OA requires the consent of each member to "pursue, initiate or settle any claim, litigation or arbitration involving [GLD-REA], or a Project, or a Project Owner," and that neither GLD-REA, as the sole member of Canton GLC Solar, nor Canton GLC Solar, as the Project Owner, have GLD's consent to assert their claims or to bring the present litigation. (Mot. J. Pleadings 2-3.) Defendants further argue that REA cannot unilaterally bring the claims on behalf of GLD-REA and Canton GLC Solar without GLD's consent. (Mot. J. Pleadings 7.) Hence, the Defendants seek dismissal of all claims asserted on behalf of GLD-REA and Canton GLC Solar. (Mot. J. Pleadings 3.)

The GLD-REA OA provides, and the parties agree, that the GLD-REA OA "shall be governed by and construed in accordance with the laws of the State of Delaware." (Defs.' Ex. A. art. XI, § 11.8.) In Delaware, contract interpretation is a matter of law. *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 655 A.2d 307, 1995 Del. LEXIS 25, at *6 (Del. 1995). Courts must "read a contract as a whole and ... give each provision and term effect, so as not to render any part of the contract mere surplusage." *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010) (citation omitted). A court may reasonably ascribe multiple and different interpretations to a contract, and in such a case the court may find that the contract is ambiguous and consequently needs not give effect to the plain-meaning of the contract's terms and provisions. *Id.* at 1160. As with contract interpretation in general, the determination of ambiguity lies within the sole province of the court. *Id.* On the other hand, an interpretation is unreasonable if it produces an absurd result or one that no reasonable person would have accepted when entering the contract. *Manti Holdings, LLC v.*

5

*Authentix Acquisition Co.*, 261 A.3d 1199, 1208 (Del. 2021). Such unreasonable interpretations or interpretations that would produce absurd results must be rejected. *Id.* at 1211.

Here, Plaintiffs offer a reasonable interpretation of the GLD-REA OA that would not require unanimous member consent to being sued. That interpretation considers that it is unlikely any member would consent to be sued, whether by GLD-REA or another member, when they can opt-out of litigation as a matter of choice. Plaintiffs' interpretation also considers that the GLD-REA OA has provisions describing and limiting members' liability. Without the ability to bring an action without consent, the parties would be unable to enforce liability. Therefore, reading the GLD-REA OA as a whole, the court finds that it is ambiguous. A reasonable interpretation is that the member-consent provisions for Major Decisions are not intended to apply to claims by GLD-REA as the Company against individual members. Because the court finds that the GLD-REA OA is ambiguous, at this stage its terms cannot serve as the basis to award Defendants a judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the entry will be: the Defendants' Motion for Judgment on the Pleadings is DENIED.

So ordered.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 3 / 8 / 23

Thomas R. McKeon
Justice, Business & Consumer Court

Entered on the docket: 03/09/2023

6