STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CIV-2023-00011

OSCAR PIZZA, LLC,                    )
                                     )
          Plaintiff,                 )
                                     )          ORDER DENYING
                                     )          DEFENDANTS' MOTION
          v.                         )          FOR JUDGMENT ON THE
                                     )          PLEADINGS AND GRANTING
                                     )          MOTION FOR LEAVE TO
RESTAURANTE EL CORAZON, LLC,         )          AMEND
and JOSEPH URTUZUASTEGUI,            )
                                     )
          Defendants.                )

## BACKGROUND

On December 21, 2022, Plaintiff Oscar Pizza, LLC (the "Plaintiff") filed its Complaint in the above-captioned matter. The Complaint alleges breach of contract, promissory estoppel, and unjust enrichment against Defendant Restaurante El Corazon, LLC ("El Corazon") and breach of guaranty against Defendant Joseph Urtuzuastegui. Before the Court is Defendants' "Omnibus Motion"[1] wherein the Defendants seek judgment on the pleadings in their favor on each of Plaintiff's claims, or, in the alternative, opportunity to amend their Answer and assert counterclaims against Plaintiff.[2] For the reasons discussed below, Defendants' Omnibus Motion is DENIED insofar as it requests judgment on the pleadings in Defendants' favor on each of Plaintiff's claims.

## FACTUAL ALLEGATIONS

---

[1] Defendants' Omnibus Motion was docketed on June 6, 2023. Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings was docketed on July 5, 2023. On July 19, Defendants filed a Consented-To Motion to Enlarge Reply Deadline, requesting this Court move the deadline for Defendants' Reply to Plaintiff's Opposition from July 19 to August 2. The Court granted Defendants' request for a two-week enlargement of its deadline, but no reply was filed.

[2] Plaintiff offered neither objection nor opposition to Defendants' alternative request for leave to amend. Pl.'s Opp'n to Defs.' Mot. J. Pleadings 1 n.1.

1

On June 25, 2015, Plaintiff entered into a lease agreement for a term of five-years, subject to two three-year renewal options, with lessor Hucksters Row Properties, LLC (the "Lease"). Compl. ¶¶ 6-7. The Lease concerned the property located at 190 State Street in Portland, Maine (the "Property"). Compl. ¶ 6. After execution of the Lease, Plaintiff invested approximately $180,000 to renovate the Property so that it could operate a restaurant there. Compl. ¶¶ 8-9.

Ultimately, Plaintiff elected to not operate a restaurant at the Property, and it discussed with El Corazon the possibility of El Corazon assuming the Lease. Compl. ¶ 12. El Corazon proposed to pay $320,000 to Plaintiff as compensation for Plaintiff's improvement of and renovations to the Property and for the Lease's value. Compl. ¶¶ 13, 15. During April of 2017, the parties entered into an agreement, with the consent of Hucksters Row Properties, whereby Plaintiff agreed to assign its lease to El Corazon. Compl. ¶ 14. El Corazon agreed to assume Plaintiff's lease obligations and to pay $320,000 to Plaintiff, which amount was intended to compensate Plaintiff for the renovation work and for its agreement to turn the Property over to El Corazon. Compl. ¶¶ 14-15. El Corazon represented to Plaintiff that it intended to remain at the Property throughout the initial five-year term and each of the two three-year renewal option periods. Compl. ¶ 16.

To memorialize and facilitate the parties' agreement, on April 7, 2017, Plaintiff executed an "Agreement for Assignment of Lease" assigning to El Corazon the lease and concomitant right to occupy the Property (the "Assignment"). Compl. ¶ 17; Compl. Ex. A. Defendant Urtuzuastegui, in his capacity as El Corazon's member and manager, executed a "Guaranty of Assignment of Lease" contemporaneously with the Assignment whereby he guaranteed El Corazon's obligations under the Assignment (the "Guaranty"). Compl. ¶ 22; Compl. Ex. B. The Assignment includes the following terms:

> 2. **Lease.** … During the Assignment Term … [El Corazon] agrees not to amend the Lease in any way that would result in an increase of obligations or a

2

decrease of rights of [Plaintiff] without prior written consent of the party whose rights would be affected by such amendment. … [El Corazon] agrees that all negotiations with [Hucksters Row Properties, LLC] regarding amendment of any Lease provision which would increase any Tenant obligation or decrease any material Tenant benefit, including modification of the term of the Lease and renewal or extension of the term of the Lease, shall require the prior written consent of [Plaintiff].

3.  Term.  … [T]he Term of this Assignment shall terminate on December 31, 2020, unless [El Corazon] provides written notice to [Plaintiff] and [Hucksters Row Properties, LLC] extending the Lease term … In the event [El Corazon] elects not to exercise such Lease term extension or waives such right in writing, [Plaintiff] may elect to extend the Lease term and assume all rights and obligations of the Tenant pursuant to the Lease, in which event the parties shall execute a re-assignment of the Lease to [Plaintiff].

11.  [Plaintiff's] Compensation.  During the term of the Lease and any renewals or extensions thereof, …  [El Corazon] shall pay to [Plaintiff] within thirty (30) days of the end of the Business's most recent fiscal year …, twenty-five percent (25%) of the Business's net before-tax profit for said fiscal year. When payments from [El Corazon] to [Plaintiff] reach $320,000, no further compensation to [Plaintiff] shall be due.

20.  Entire Agreement.  This Assignment, …  represents the entire agreement between the parties hereto.

Compl. Ex. A ¶¶ 2-3, 11.

After the parties' execution of the Assignment and the Guaranty, Plaintiff vacated the Property and turned it over to El Corazon. Compl. ¶ 24. Thereafter, El Corazon began operating its restaurant business at the Property and utilizing the features renovated by Plaintiff. Compl. ¶ 25. El Corazon ceased making the payments to Plaintiff contemplated by the parties' agreement and by the Assignment. Compl. ¶ 26. El Corazon allowed the Lease to expire, effective December 31, 2020, but did not obtain Plaintiff's written consent to terminate the Lease. Compl. ¶¶ 27-28. El Corazon did not notify Plaintiff of its intent to terminate the Lease by expiration, as it was required to do when its decisions concerning the Lease resulted in a diminishment of Plaintiff's rights with respect to the Property. Compl. ¶¶ 29-30. Were Plaintiff aware of El Corazon's intent to terminate the Lease, Plaintiff would have renewed the Lease and resumed its rights and

obligations thereunder. Compl. ¶ 31.

El Corazon advised Plaintiff that its obligations under the Assignment terminated consonant with the Lease's December 31, 2020, expiration. Compl. ¶ 33. Meanwhile, El Corazon entered into a new lease or rental agreement concerning the Property with Hucksters Row Properties. Compl. ¶ 32. El Corazon did not pay Plaintiff the amount contemplated by the parties' agreement and by the Assignment. Compl. ¶ 33.

## MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings under Maine Rule of Civil Procedure 12(c) tests the legal sufficiency of the complaint. *Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988). When the defendant is the moving party, the motion is treated as "nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 4, 187 A.3d 609 (citation omitted). Hence, when reviewing the complaint, the court assumes the factual allegations are true, examines the complaint in the light most favorable to the plaintiff, and ascertains whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory. *Id.* (citation omitted).

Generally, a court may consider only the pleadings on a motion to dismiss. *Est. of Robbins v. Chebeague & Cumberland Land Tr.*, 2017 ME 17, ¶ 2 n.2, 154 A.3d 1185 (citing *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶¶ 8-9, 843 A.2d 43). However, documents central to the plaintiff's complaint and the documents referred to therein may also be considered in a ruling on a motion to dismiss "without converting [the] motion . . . into a motion for summary judgment when the authenticity of such documents is not challenged." *Id.* (citing *Moody*, 2004 ME 20, ¶ 10, 843 A.2d 43); *Insurcomm, Inc. v. Otis*, No. CV-20-213, 2021 Me. Super. LEXIS 8, at *2-5 (May

3, 2021) (applying the *Moody* exception in the context of a party's motion for judgment on the pleadings under M.R. Civ. P. 12(c)).

**DISCUSSION**

Plaintiff's breach of contract claim alleges that, notwithstanding its performance under the parties' agreement and related Assignment, (a) El Corazon ceased making payments as required under the parties' agreement and the Assignment, and (b) that El Corazon terminated the Lease, without Plaintiff's written consent and in bad-faith, by allowing it to expire. Compl. ¶¶ 35-42. Plaintiff's claims for promissory estoppel and unjust enrichment are pled in the alternative to its breach of contract claim. Compl. ¶¶ 43-49, 56-60. Plaintiff also claims breach of guaranty by Defendant Urtuzuastegui. Compl. ¶¶ 50-55.

Defendants argue that each of Plaintiff's causes of action fail because El Corazon assumed no obligations pursuant to the Assignment to either (a) exercise the options to extend the Lease and Assignment or notify Plaintiff of their intention not to do so, or (b) pay $320,000 to Plaintiff. Def.'s Mot. J. Pleadings 1. According to the Defendants, the Assignment is unambiguous and fully-integrated and does not expressly impose any such obligations upon El Corazon.

Plaintiff resists judgment for Defendants on the basis that the Assignment includes an implied term: "El Corazon would occupy the Property under the Assignment until the [$320,000] was paid, or alternatively, that if El Corazon abandoned the Property sooner, possession of the Property would be returned to [Plaintiff]." Pl.'s Opp'n to Defs.' Mot. J. Pleadings 6-7. Likewise, Plaintiff argues that the relevant provisions of the Assignment are ambiguous. *Id.* 7-11. Hence, according to Plaintiff, the Court must consider extrinsic evidence to determine the intent of the parties' underlying the Assignment and consequently, in consideration of the parties' purported intentions, a judgment on the pleadings in favor of Defendants is inappropriate.

5

## I. Whether the Assignment includes an implied term.

In certain limited situations, Maine law recognizes that parties to a contract may be bound not only to the instrument's express terms, but also to "such implied provisions as are indispensable to effectuate the intention of the parties and as arise from the language of the contract and the circumstances under which it was made." *Top of the Track Assocs. v. Lewiston Raceways, Inc.*, 654 A.2d 1293, 1295 (Me. 1995) (quoting *Sacramento Nav. Co. v. Salz*, 273 U.S. 326, 329 (1927)). This is an objective standard; in determining the intention of the parties to a contract at the time of its execution "the undertaking of each promisor … must include any promises which a reasonable person in the position of the promisee would be justified in understanding were included." *Id.* (citation omitted). Recitation of an integration clause does not necessarily bar courts from consideration of extrinsic evidence to determine the intent of the parties and, relatedly, the existence of implied contract terms. *Id.* at 1296.

The Court recognizes, however, that the standard for implying a contract provision is narrowly construed. *See, e.g., Haines v. Great Northern Paper, Inc.*, 2002 ME 157, ¶¶ 13-14, 808 A.2d 1246 (distinguishing *Top of the Track Associates* based on the parties' business relationship and condition of dependence underlying the contract at issue and refusing to infer terms that would restrain alienation of land or impose conditions that restrain use of land by subsequent purchasers). Courts will not imply a contract term that is inconsistent with the contract's express terms or that is not absolutely necessary to effectuate the parties' intentions. *Top of the Track Assocs.*, 654 A.2d at 1295; *Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach*, 676 A.2d 482, 484 (Me. 1996); *see Haines*, 2002 ME 157, ¶ 14, 808 A.2d 1246. Here, the Court need not determine the scope and applicability of the implied-terms doctrine.

At this stage of the proceedings, the Court merely appraises the adequacy of the pleadings.

6

In so doing, the Court must assume that the factual allegations contained in the complaint are true, examine the complaint in the light most favorable to the plaintiff, and ascertain whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory. *Wawenock, LLC*, 2018 ME 83, ¶ 4, 187 A.3d 609. Here, the question is whether the complaint alleges facts that, if true, would permit the Court's finding the implied term supplied by Plaintiff. It is not whether the Assignment, in fact, impliedly contains that term.

According to Plaintiff's Complaint, El Corazon, during preliminary negotiations preceding execution of the Assignment, "proposed to pay $320,000 to [Plaintiff] in consideration of [Plaintiff's] improvement costs and the value of the Lease." Compl. ¶ 13. The parties agreed upon that payment amount, which was intended to compensate Plaintiff for the value of the renovation work that would then benefit Defendants, and for Plaintiff's agreement to relinquish the Lease and Property to Defendants. Compl. ¶ 15; Compl. Ex. A. ¶ 11. Additionally, "El Corazon represented to [Plaintiff] that it intended to remain in the Property through the duration of the Lease term and the two renewal option periods." Compl. ¶ 16. Pursuant to the parties' agreement and the Assignment, El Corazon was required to obtain Plaintiff's written consent before taking any action that would result in diminishment of Plaintiff's rights under the Lease. Compl. ¶¶ 18-19, 30; Compl. Ex. A. ¶ 2. Specifically, Plaintiff reserved rights to extend the Lease and assume the obligations thereunder as tenant in the event El Corazon did not exercise the option to extend the Lease. Compl. Ex. A. ¶ 3. Plaintiff alleges that it would have exercised its rights under the Assignment had El Corazon notified it of the Lease's expiration and its decision to not extend the Lease. Compl. ¶ 31.

In consideration of these purported facts, Plaintiff has stated one or more claims upon which relief can be granted. Even without reliance on the implied-terms doctrine, based on the

7

allegations stated in the Complaint, taken as fact and construed in the light most favorable to Plaintiff, the Complaint adequately states claims for breach of contract, promissory estoppel, unjust enrichment, and breach of guaranty. Accordingly, at this stage of the proceeding, the Court declines to issue a judgment on the pleadings for Defendants. Because the Court denies Defendants' motion on this straightforward basis, it is also unnecessary to address whether the Assignment is ambiguous.

## CONCLUSION

For the foregoing reasons, the Omnibus Motion filed by Defendants Restaurante El Corazon and Joseph Urtuzuastegui is DENIED with respect to the Motion for Judgment on the Pleadings.

Defendants' Omnibus Motion is GRANTED with respect to Defendants unopposed request for leave to amend their Answer and to add counterclaims.

So ordered.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: **08/08/2023**

Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket: 08/08/2023

8